*On the Relation of* EDWARD R. DUVALL V. CORA V.
  DIEHL, HENRY H. BOCKFINGER, AND LOUIS H.
  LAWS.

[*Opinion Filed Jan. 4, 1892.*]

1. REGISTER OF DEEDS—*Implication.*—The office of Register of Deeds
exists in the several counties of the Territory of Oklahoma, although
there is no provision of the statute that expressly creates such office.
It is created by clear implication of law.

*Appeal from the District Court of Logan County,
Hon. E. B. Green, Judge.*

*Cunningham & Wisby*, for Appellant.

*Dale & Thomas*, for Appellee.

The opinion of the court was delivered by       .
  CLARK, J.:On the 14th day of March, 1891, a complaint
was filed against the defendants, named above, on infor-
mation of Edward R. Duvall, charging that on the 12th
day of March 1891, a vacancy existed in the office of
register of deeds in Logan County; that on the 12th
day of March, 1891, the board of commissioners ap-
pointed the relator, register of said county to hold the
office until his successor should be elected and qualified;
that on the 13th day of March, 1891, the relator, ac-
cepted said office, took the official oath, and executed a
bond; that on the same day, the board of county com-
missioners made an order upon the defendants to turn
over to the said Duvall, the books, papers, and records
in their possession; that said Cora V. Diehl, Henry H.
Bockfinger and Louis H. Laws were on the 12th day of
March, 1891, and were each claiming said office and in
the posession of the same and of the books, papers,
and records belonging thereto.

That on the same day the said relator demanded of
each of said defendants the possession of all the books,
papers and records belonging to said office, which they
refused to surrender.

Wherefore, he prayed that they be ousted and ex-

cluded from said office and that the relator be adjudged to be entitled to said office and admitted into the same and to all the emoluments thereof.

On the 27th day of March, 1891, the defendant, Bockfinger, filed his separate answer, denying each and every material allegation of the complaint, and for cross-complaint alleged:—'That at the special election, held on the 3rd day of February, 1891, in Logan county, he was elected to the office of county clerk of said county; that he filed his bond and took the oath of office as required by law.

That on the 23d day of said month he entered upon the discharge of the duties of said office and took possession of all the records, books, and papers belonging to said office, and that he was the legal and proper custodian of said records, including the mortgage and deed-records of real and personal property of said county, belonging to said office, and that by virtue of said office, as county clerk, he had been since said time discharging the duties devolving upon said clerk, a part of which were to record the deeds and mortgages of real and personal property in said county, and *prayed* that he be decreed to be the lawful custodian of all of said records.

On the same day, the defendant, Diehl, filed demurrer to the complaint of the plaintiff herein, which was overruled by the court.

On the same day, defendant, Louis H. Laws, filed his demurrer to the complaint of the plaintiff herein, which was overruled by the court, and afterwards on the 30th day of March, 1891, the defendant, Cora V. Diehl, demurred to the cross complaint of the defendant, Bockfinger, which was overruled.

On the same day, defendant, Cora V. Diehl, answered the complaint filed herein, and denied each and every material allegation of the plaintiff's complaint. She admitted that on the 12th day of March, 1891, she was and ever since had been, claiming the office of the register of deeds of Logan county, and was then in possession of said office; that on the 3d day of February, 1891, she was a candidate for the office of register of deeds of said county, and received a majority of all the

votes cast at said election for said office; that she was a citizen of said county and duly qualified to hold said office; that she had taken the oath of office and filed a bond as required by law, and had received a certificate of election to said office of register of deeds of said county.

Wherefore, she prayed that she be discharged with costs and that the relator and each of the other defendants be restrained from interfering in any manner with her in the exercise of said office; and that she be adjudged the lawful custodian of all the books, records, papers and files of said office.

On the same day, Louis H. Laws answered the complaint of the relator and the cross-complaint of Henry H. Bockfinger and Cora V. Diehl and denied each and every material allegation in the complaint and cross-complaint contained; and for a cause of defense alleged, that on the —— day of ————, 1890, he had been appointed by the Governor of Oklahoma Territory to fill the office of county clerk of Logan County, and ex-officio register of deeds of said county; that he qualified as such officer and entered upon the duties of his office; that under the law, in the latter part of December, 1890, he filed the additional bond, qualifying him to hold the office, until his successor should be elected and qualified, and entered upon and continued to perform the duties of said office, until the —— day of February, 1891, when by force of arms and without authority, he was turned out of and deprived of his said office by Henry H. Bockfinger, herein pleaded as co-defendant, and ever since said day has been by force of arms and without authority of law, deprived of the possession of his office.

That there has not been a vacancy in his said office since the day of his appointment; that he is the duly appointed county clerk and is ex-officio register of deeds of Logan county, and that neither of the other parties, plaintiff or defendants, were entitled to that office.

Wherefore, he prayed that the other parties, plaintiff and defendants, be restrained in interfering in any

way with him in the performance of his duties as such county clerk.

To the several answers and cross-complaints of the defendants the plaintiff, Duval', demurred.

On the same day, the relator replied to the answer of said defendant, Cora V. Diehl, that she was not a male person and therefore not eligible to hold the office of register of deeds, thereupon the parties proceeded to try the issues joined herein.

The defendant, Henry H. Bockfinger, offered in evidence, House Bill No. 35, entitled, "An Act in Relation to the Office of Register of Deeds, and Defining the Duties Thereof," and also the legislative journal of Oklahoma Territory, containing the proceedings of the First legislative assembly.

It was thereupon stipulated by the parties of this action that said house bill and said legislative journal, should be introduced and read in evidence in this case, if the same should be taken on appeal to the supreme court,

It was thereupon agreed that the facts set forth in the complaint and answers and cross-complaints were true; and being sufficiently advised in the premises, the court finds the following facts,

"1. That to-wit, March 12, 1891, the board of county commissioners for Logan county, Oklahoma, in regular session, appointed the relator, Edward R. Duvall, to the position of register of deeds of said county, to hold office until his successor should be elected and qualified.

"2. In making such appointment, the board of commissioners acted upon the presumption that a vacancy existed in the office of register of deeds.

"3 March 7, 1891, the relator, by the attorney general of the Territory, began an action of *quo warranto* against Cora V, Diehl, Henry H. Bockfinger and Louis H. Laws for possession of the office of register of deeds and each of the defendants answering asserted a claim of right in said office.

"4. The court further finds that at an election held February 3, 1891, respondent, Cora V. Diehl, received a majority of all the votes cast at said election for the office of register of deeds.

"5.   That respondent, Louis H. Laws, was on the ———— day of ————, 1890, duly appointed by the Governor of Oklahoma as county clerk of Logan county, and under the law then in force, as county clerk, he was *ex-officio* register of deeds.   That he duly qualified as such officer and properly performed all the duties of such office; and that by virtue of a law passed by the legislature, approved December 23, 1890, he was continued in office as county clerk and *ex-officio* register of deeds until his successor should be elected and qualified; and was so acting as such officer until February 23, 1891, at which time Henry H. Bockfinger, one of the respondents herein, took possession of the office of register of deeds, together with all of the records appertaining to the same.

"6.   That Henry H. Bockfinger, was at the election held February 3, 1891, duly elected to the office of county clerk of Logan county, and upon February 23, entered upon the duties of his office, and has at all times since been so acting, and in answer filed in this cause, claims the right to act as register of deeds for Logan county by virtue of his position as county clerk."

From the above findings of facts the court reached the following conclusions of law,

"*First*.   That to-wit, December 20, 1890, the legislature passed a law for the election of county and township officers throughout the organized portion of Oklahoma, such election being called for February 3, 1891, and conformatory to such laws an election was duly held in Logan county, and county and township officers elected.   This term of office commencing February 23, 1891.

"*Second*.   That such election was duly held in conformity with law, and that the people participating in the same were qualified electors.

"*Third*.   That Cora V. Diehl, a female citizen of the United States over the age of 21 years, having received a majority of all the votes cast at said election for the office of register of deeds of Logan county, was duly elected to said office, and is qualified to hold and exercise the duties of the same.

"*Fourth*. That the office of the register of deeds exists by virtue of the laws of Oklahoma.

"*Fifth*. That the right of Louis H. Laws to exercise the duties of the office of register of deeds expired when Cora V. Diehl was elected to fill said office.

"*Sixth*. That Henry H. Bockfinger cannot legally exercise the duties of register of deeds by virtue of having been elected county clerk of Logan county.

"*Seventh* That the complaint of the relator, Edward R. Duval, be dismissed with costs of this proceeding taxed against him.

"It is therefore considered, ordered and adjudged, by the court that Cora V. Diehl have immediate possession of the office of register of deeds of Logan county, Oklahoma Territory, together with all the books, records, desks, stationery, safes, vaults and other things appertaining thereto, and that Edward R. Duvall, Henry H. Bockfinger and Louis H. Laws at once surrender to her the possession of all books, records, instruments of writing, papers, desks, stationery, safes, vaults and all things whatsoever appertaining to the office of register of deeds, and that each of them refrain from exercising any of the functions of said office in the future, or in any wise interfering with the said Cora V. Diehl in the exercise of the duties of said office."

To all of which findings of fact and rendition of judgment the defendants, Louis H. Laws and Henry H. Bockfinger, by their respective attorneys except,

The real questions that arise in this case are,

*First*: Did the office of register of deeds exist under the laws of Oklahoma separate and apart from that of county clerk?

*Second*: Is the county clerk ex officio register of deeds?

All other questions seem not to have been argued, or not appealed from; and to arrive at a correct solution of these questions a great many provisions of the statute on the subject of register of deeds and county clerk will be here considered.

The provisions of the statutes of Oklahoma upon the subject of the existence of the office of the register of

deeds, the duties of the officer and who may perform the duties, are as follows:

SEC. 374: Assignments for the benefit of creditors must be recorded and the inventory filed with the register of deeds of the county.

SEC. 375: Is to the same effect.

SEC. 714: The statements of the votes on the dissolution of a town must be filed in the register of deed's office.

SEC. 737: Maps of towns shall be recorded in the register's office.

SEC. 738: Is to the same effect.

SEC. 739: The register of deeds who record the plat shall receive compensation therefor.

SEC. 740–1–2: Attach a penalty to a failure to comply with the foregoing requirements.

SEC. 746: The order vacating a plat must be recorded in the register's office.

SEC. 749: The register of deeds shall write "vacated" across that part of the plat vacated.

SEC. 751: Copy of ordinance and plat of additions to the boundaries of cities and towns must be recorded in the office of the register of deeds.

SEC. 756. Copy of ordinances or decree of court and map, when changes of boundaries of towns shall be made, must be filed in the register of deeds' office.

SEC. 761: In case of the change of the name of a town or village, the county clerk must give notice to the register of deeds, who shall note the change of name in the plat.

SEC. 1208: Cemetery corporations must cause plats of their grounds to be recorded in the office of register of deeds.

SEC. 1230: Building and Loan associations must cause the certificate of incorporation to be recorded in the office of the register of deeds.

SEC. 1246: Credentials of agents of foreign corporations must be filed and recorded in the office of the register of deeds.

SEC. 1778: County commissioners may appoint a county clerk in case of a vacancy.

SEC. 1801: In case of a vacancy in the office of register of deeds, the county commissioners may appoint a register of deeds at a special meeting to be called for that purpose.

SEC. 1815—*Paragraph V*: The county commissioners must furnish record books and papers for register of deeds.

SEC. 1828: The county commissioners must furnish office for register of deeds.

SEC. 2873: The officers and persons named are entitled to receive for their services only the fees and compensation named in chapter 36, except as otherwise provided by law.

SEC. 2879: Of that chapter allows the register of deeds to receive certain fees, including certain items for indexing, and all in excess of $2,500 must be paid into the county treasury.

SEC. 2880–1–2–3: Allow the county clerk to charge and collect certain fees for services, all of which must be paid into the county treasury. A statement under oath of the amount received and charged, must be filed monthly with the register of deeds. He is allowed as full compensation for his services an annual salary.

SEC. 3191: Exempts the register of deeds from duty on juries, but is silent on the subject of county clerk.

SEC. 3525: Mortgage may be satisfied by an acknowledgement before the register of deeds.

SEC. 3533: A grant of real property, intended to be defesable on performance of conditions, to be effective must be recorded in the office of register of deeds, together with the instrument of defesance.

SEC. 3542: A mortgage of personal property is *void unless filed in the office of the register of deeds.*

SEC. 3545: A copy of an *original chattel mortgage filed, may be* authenticated by the register of deeds and filed in another county.

SEC. 3546: Chattel mortgages cease to be valid as against creditors and subsequent incumbrances in good faith, unless copy of the mortgage and sworn statement of the debt are *placed anew in the office of the register of deeds.*

SECS. 3548–3549: Registers of deeds must receive, file and preserve such mortgages, and write the names of the parties thethereto in a book, alphabetically; in other words, must index the mortgages.

SEC. 3830: Registers of deeds may require deputies to give bonds.

SEC. 3838: The register of deeds cannot appoint certain officers deputies, nor be appointed deputy by certain officers.

SEC. 3839: Certificates of special partnerships must be recorded in the office of the register of deeds of the county, of the principal place of business; and a copy certified to by the register of deeds, must be filed in the counties where business is transacted.

SEC. 6697: Under title,"Transfers," instruments affecting real estate must be recorded by the register of deeds. He must endorse thereon his fees.

SEC. 6718: Every conveyance of real property * * is void as against subsequent purchasers or incumbrances * * in good faith and for a valuable consideration when subsequent conveyance is first put upon the record and by this chapter conveyances must be recorded in the office of register of deeds.

SEC. 6700: Says the duties of the registers of deeds are prescribed by statutes.

SEC. 6703: Register of deeds may take proof of acknowledgment of deeds.

SEC. 1707:   On the other hand we find the follow-
ing:   "All deeds conveyances or agreements in writing
affecting title to real estate    *    *    may be recorded
in the office of the county clerk or the recorder of deeds
if the office of recorder of deeds is separate from that
of the county clerk."

SEC. 1708:   Transcripts   cerified to by the county
clerk or recorder may be admitted in evidence.

SEC. 1723:   The clerk or recorder of each county
shall leave a space on the margin for the entry of sat-
isfaction.

SEC. 1718:   Certified copy of wills way be recorded
in the office of the county clerk or recorder of deeds.

SEC. 2784:   Under this section and the following a
special election was held February 3, 1891, for county
officers *provided for by law* who should hold office un-
til their successors should be elected and qualified.

SEC. 1731:   And the following, do not create the
office of county surveyor, but seem to recognize the
existence of the office and declare some of his duties.

SEC. 1738. *et seq.*   Do not create the office of county
treasurer but recognize the existence of this office and
define some of his duties.

SEC. 1745, *et seq:*   Recognizes the existence of
the office of sheriff, but does not create the office as
officers are ususually created in constitutions and or-
ganic acts.   It defines some of his duties.

SEC. 1762, *et seq:*   Does not create the office of
county attorney but defines some of his duties.

SFC. 1776, *et seq*:   The same may be said of the
county clerk.

The statutes do not create the office of coroner in so
many words, yet § 1748 says that when a vacancy oc-
curs in the office of sheriff, if there be no under sheriff,
the coroner shall execute the office of sheriff.

SEC. 4365:   Recognizes the coroner as filling the

office of sheriff by giving him power to attach property in some cases.

SEC. 2897: Defines the fees of coroner for holding inquests and for discharging the duties of sheriff.

Resort must be had to the whole of the legislation on the subject for the purpose of arriving at what the legislature intended.

The statutes, in various detached sections, declares the duties of register of deeds the same as the duties of other officers are defined. In not a single instance does it, in exact language, create an office. It only authorizes an officer to take an oath or to file a bond. It seems to have acted upon the presumption that the offices had been created as in states where the various county offices have been created by the constitutions.

The statutes provide that the register of deeds shall perform various acts that no where devolve upon any other officers.

"All deeds, conveyances, or agreements affecting title to real estate * * *may* be recorded in the office of recorder of deeds.' (See § 1707.)

But chattel mortgages must be filed in the office of register, * * (§ 3542),and a failure to refile in that office renders it invalid.

Assignments for the benefit of creditors *must* be filed with the register of deeds, ( § 375.)

The vote on the dissolution of municipal corporations *must* be filed with the register, ( § 714.)

Maps of towns and additions *must* be recorded in the office of the register of deeds, and a penalty is attached to a failure to do so. Ordinances and orders of court must also be there recorded or filed. Same of change of name of corporation. (See §§ 737 to 761.)

Building and loan associations must cause their certificates to be recorded there. ( § 1230.) Foreign corporations doing business here must do the same. ( § 1246.)

Chattel mortgages *must* be filed there. ( §§ 3542 to 3546.)

There seems to be no provision of law whatever except through filing in the register of deed's office for making valid a lein on personal property. The office *must* exist for that purpose.

It must exist to enable building and loan associatio and foreign corporations to do business here.

It is unnecessary to repeat the many sections saying that deed and mortgage *must* be recorded in the office of register of deeds, and the provisions saying that they *may* be recorded in the office of the county clerk, and step by step the conclusion drawn therefrom that the one is *mandatory* and the other merely *directory*. To collate and draw the various statutes together it seems must be sufficient.

It is argued that the loss of house bill No. 85 after its passage indicated clearly that the legislature intended that it had not created the office of register of deeds; but by that bill intended to do so. Is that conclusion correct? The bill is entitled, "In relation to the office of register of deeds and defining the duties thereof." In its title it does not pretend to create the office; it nowhere in the body pretends to create the office.

It merely recognizes it as existing, and defines some of the duties of the register of deeds. It simply provides for indexing all documents recorded in the office.

In about fifty different sections the statutes recognize the separate and distinct existence of the office of register of deeds. In two sections the statutes say, it *may* exist in connection with the office of county clerk. From a consideration of all the provisions of the statute, we must conclude that the legislative intent was that the office existed separate and apart from that of the county clerk.

Except in constitutions and organic acts, and not

always there, have legislative bodies, by any precise formula, created offices.

These bodies content themselves with declarations that imply that they intended that the offices do exist; and treat them as existing. The legislature of Oklahoma did the same.

We are thus forced to the conclusion that the office of register of deeds does exist in this Territory, separate and apart from that of county clerk. And that the county clerk is not an *ex-officio* register of deeds.

And that the judgment of the court below must be affirmed.

The judgment is affirmed.

All the justices concurring.