MISSOULA COUNTY, appellant, *v.* EDWARDS, respondent.

BOND OF COUNTY TREASURER — *liability of sureties.*  A. was the county treasurer of Missoula county, and  executed a bond December 9, 1873, which was duly filed and approved.  Some of the sureties wishing to be released therefrom, another bond was executed, filed and approved July 12, 1875.  A settlement took place between the county commissioners and A. September 7, 1875, when the second bond was accepted in lieu of the first.  A.'s official term expired March 5, 1876, and there was a deficiency in his accounts as treasurer. This action was commenced against the sureties upon the first bond to recover the amount of the deficiency, and judgment was entered in their favor. *Held*, that the sureties on the first bond are not liable for any deficiency occurring in A.'s accounts after September 7, 1875, and that the sureties on the second bond are liable therefor.

*Appeal from Second District, Missoula County.*

THIS action was tried by KNOWLES, J.

A. E. MAYHEW, district attorney, second district, for appellant.

The county commissioners of Missoula county had no authority to substitute the second bond for the first one. Their duties are defined by the statutes, which do not confer this power. Codified Statutes, 451, § 87; 452, § 90; 1 Dill. Mun. Corp. 173, § 55; *Hornblower* v. *Duden*, 35 Cal. 664.

SHARP & NAPTON, for respondents.

The county commissioners had the power to accept the new bond in lieu of the old one. All the facts were found for respondents, and this is the only question. Codified Statutes, 435, § 14; 1 Dill. Mun. Corp. 274–276; *United States* v. *Tingey*, 5 Pet. 115; *Supervisors* v. *Coffinbury*, 1 Mich. 355; *People* v. *Johr*, 22 id. 461.

BLAKE, J. This action was commenced by the board of commissioners of Missoula county against the sureties upon the official bond of Edwards, the county treasurer. This bond was executed December 19, 1873, to the board of county commissioners, and filed and approved according to law, and Edwards entered afterward upon the discharge of his duties as such officer. Some of the respondents, who were sureties upon this bond, wished to be released from the same, and a new bond in proper form was executed, filed and approved July 12, 1875. A settlement between Edwards and the county commissioners was duly made September 7, 1875, when the new bond was accepted as a substitute for the original instrument. The term of Edwards expired March 5, 1876, when he failed to account for and pay over to his successor, $2,475. This action was commenced against the sureties upon the first bond to recover the amount of the deficit. The court below rendered judgment for the respondents upon the ground that they had been released from liability by the execution and acceptance of the second bond.

There is only one legal question for our consideration: Could the county commissioners under the laws of this Territory accept the last bond of Edwards in lieu of the first? The county of Missoula is an organized county within this Territory, and a body

corporate and politic. It is empowered for definite purposes, which arc enumerated in the statutes, and among which are the following : " To make all contracts, and to do all other acts in relation to the property and concerns necessary to the exercise of its corporate or administrative powers." Codified Statutes, 433, § 1. "The powers of a county as a body corporate and politic shall be exercised by a board of county commissioners therefor." Codified Statutes, 434, § 3. "The board of county commissioners of each county shall have power at any meeting * * * to examine and settle all accounts of the receipts and expenses of the county, and to examine, settle and allow all accounts chargeable against the county * * * to represent the county, and have the care of the county property, and the management of the business and concerns of the county in all cases where no other provision is made by law." Codified Statutes, 435, § 14. The county treasurer is required to " execute to the board of county commissioners of his county a bond with three or more sufficient sureties, to be approved by the board, and in such penal sum as they may direct ; which bond, with the approval of the board indorsed thereon by their clerk, shall be filed in the office of the county clerk." Codified Statutes, 451, § 87. It is the duty of the county treasurer to collect, receive and pay out " all moneys belonging to his county." Codified Statutes, 452, § 92. He is also the collector of taxes in his county. Codified Statutes, 453, § 96.

There is no statute which expressly authorizes the county commissioners to require or accept new bonds of the county treasurer. The bond may be approved by the chairman and clerk of the board of county commissioners, when it is not presented at a regular meeting of the board. In case of a vacancy or disability in the office of county treasurer, the board may in their discretion appoint a person to perform the duties, and this party is required to give a bond similar to that of this officer. When the bond has been given, this person is "invested with all the duties of such treasurer until such vacancy shall be filled or * * * such disability be removed." Codified Statutes, 452, § 90.

The board of county commissioners fix the penalty of the bond of the county treasurer and decide upon the sufficiency of

the sureties; and the same is executed to the board of county commissioners for the use and benefit of the county. The object of the statutes, which have been referred to, is the protection of the county against any loss through the failure of the county treasurer to perform faithfully his official duties. The failure of the county treasurer to pay out according to law the moneys of the county defeats the objects for which the county has been organized. If the county commissioners cannot obtain these moneys by reason of the insolvency of the sureties, or a fatal defect in the bond, the corporate or administrative powers of the county cannot be exercised. There is only one remedy for this state of things, and that is the execution of a new bond, which is good and sufficient, by the county treasurer. This appears to be one of the cases " where no other provision is made by law." The execution of the new bond is " necessary to the exercise " of the " corporate or administrative powers " of the county. The transcript does not disclose the reasons which controlled the action of the county commissioners in demanding the second bond from Edwards, although it appears that some of the respondents took the first steps to bring about this result. The good faith of the commissioners is not questioned by the respondents, or any of the parties, and this part of the investigation is immaterial.

It has been held in North Carolina that the county commissioners may require a sheriff to renew his bond, when the sureties on the first bond become insolvent; and upon his refusal to comply with the order, may declare the office vacant. *People* v. *Green*, 75 N. C. 329.

Can an action be maintained on the second bond given by Edwards ? The determination of this inquiry is necessarily involved in the matters that have been discussed. Have the rights of the county of Missoula been impaired by the official action of the county commissioners ? In *United States* v. *Tingey*, 5 Pet. 115, Mr. Justice STORY says : " We hold that a voluntary bond taken by authority of the proper officers of the treasury department, to whom the disbursement of public moneys is intrusted, to secure the fidelity in official duties of a receiver or an agent for disbursing of public moneys, is a binding contract between him

and his sureties and the United States, although such bond may not be prescribed or required by any positive law. The right to take such a bond is, in our view, an incident to the duties belonging to such a department; and the United States, having a political capacity to take it, we see no objection to its validity in a moral or a legal view."

We find in Judge DILLON's work on Municipal Corporations, the following note: "A bond given by the treasurer of a county for the faithful performance of his official duties, to the board of supervisors of the same county, is a good and valid bond, notwithstanding there may be no statute requiring one. *Supervisors* v. *Coffinbury*, 1 Mich. 355; *People* v. *Johr*, 22 id. 461." 1 Dill. Mun. Corp. (2d ed.), § 155. In *Sweetser* v. *Hay*, 2 Gray, 49, Mr. Justice METCALF says: "Actions have been supported on bonds which no law required when they were executed voluntarily, and with proper conditions, to secure the performance of official duty. *Postmaster-General* v. *Rice*, Gilpin, 554; *Montville* v. *Haughton*, 7 Conn. 543; *Commonwealth* v. *Wolbert*, 6 Binn. 292."

We are satisfied that two valid bonds have been given by Edwards and the liability of the sureties is determined without difficulty. The principles which are applied when two bonds have been accepted from a person holding an office during two successive terms are decisive of this case. It has been uniformly held that the sureties upon one bond are not responsible for a default of the principal committed during the time that he was discharging his official duties by virtue of another bond. *United States* v. *Kirkpatrick*, 9 Wheat. 720; *Bruce* v. *United States*, 17 How. 437; *United States* v. *Earhart*, 4 Saw. 245; *United States* v. *Ellis*, id. 590.

The sureties upon the second bond of Edwards are liable for any deficit which occurred after the filing and acceptance of their obligation. It appears that the cause of this action accrued since that date, and their liability is fixed. The sureties upon the original bond of Edwards have been released from the same by the action of the county commissioners.

*Judgment affirmed.*