[Johnson v. Caffey.]

# Johnson *et al. v.* Caffey.

### *Action on Sheriff's Bond.*

1. *A bond sued on can be impeached only by a special plea.*—When the complaint avers that the defendants executed a bond under seal, which is the foundation of the suit, they can not impeach its validity, or inquire into its consideration, except by special plea; or raise that question by objecting to the introduction of the bond as evidence.

2. *A sheriff may make more than one official bond.*—Although a sheriff has been already inducted into office, and is acting under an official bond, duly accepted and approved, there is nothing to prevent him from voluntarily executing another official bond; if it be in form and is accepted and duly approved, he and his sureties will be liable upon it for any neglect, or other improper conduct.

APPEAL from the City Court of Montgomery.

Tried before the Hon. JOHN A. MINNIS.

The facts are contained in the opinion.

WATTS & TROY, for appellants.—1. A bond which is taken without authority of law is void.—6 Port. 335; 6 Ala. 128; 14 Ala. 23; 4 Ala. 558; 31 Ala. 76. Bonds taken by civil officers when not authorized or required by law, unless based on sufficient consideration, are void, both as statutory and common law bonds.—1 Brick. Dig. p. 309, § 46.

2. The probate judge has no authority to take and approve any bond of the sheriff, unless it comes within some provision of the various sections of the Code on this subject. If a bond is required under other circumstances, it is not official. It may be good as a common law bond, if it is based on a sufficient and valid consideration.—See authorities *supra*, and 3 Ired. Rep. 557.

3. But the record shows that the bond sued on was illegal and void; required without any authority of law, and was without any valid or sufficient consideration.

HERBERT & MURPHY, for appellee.—1. The only question of importance in this case is, whether the bond, which is the foundation of this suit, was properly admitted in evidence. Under section 170 of the Revised Code, as construed in *Sprowl v. Lawrence,* 33 Ala. 674, we contend that any officer who is one of those officers required by law to give an official

bond " who gives and acts under any bond or bonds is, with his sureties on such bond or bonds, liable as on a statutory bond."—33 Ala. 689.

2. The intention of the law is to protect the public. It is criminal for an officer to fail to comply with section 158 of the Revised Code. Yet the failure of the officer to comply does not, we see, relieve a sheriff or his sureties. So in this case. The judge ought to have had the application, which was made in writing, filed, and he ought to have had the record to show why the new bond was taken. It does not lie in their mouths to say that the bond they gave was not lawfully required, according to form, &c. They can not any more assert this than they could be heard to say that it was not lawfully filed, or approved, or conditioned. It was given and acted on, and is binding.

3. In *Jones v. Schuessler*, it is held that such new bond can not relieve the former bondsmen, unless the requisites of the statute are complied with; but this is a very different question. The new bond might not have the effect to relieve the old bondsmen, but if, as is shown in this case, the new bond is acted on, the persons who gave that bond, and thus put it in the power of the sheriff to continue in office, and receive the public moneys, are estopped to say the probate judge did not comply with the law. This construction harmonizes the spirit and substance of the law with the salutary rule laid down in *Sprowl v. Lawrence, supra.*

MANNING, J.—By virtue of the statute in such cases provided, appellee Caffey sued appellant Johnson, late sheriff of Montgomery county, and the other appellants as sureties on his official bond, for injury suffered by plaintiff from the wrongful acts of Johnson, done under color of his office as sheriff, in seizing and selling property of defendant, to satisfy a writ of execution against another and different person. The demurrer filed to the first complaint and afterwards put in again to the amended complaint, was not insisted upon in the argument; and was properly overruled.

The argument here relates to the liability of the sureties upon the bond on which the suit is founded. This bond was made a year or two after Johnson had been elected to—and entered upon—the office of sheriff, and after two other bonds had been successively executed by him and other sureties, for his fidelity in discharging its duties. In form the bond is unimpeachable; and it was taken, approved and filed by the judge of probate, upon whom the duty of performing

[Johnson v. Caffey.]

those acts on behalf of the public, is imposed by statute. But the objection to it is—that it was executed after two others had been made and delivered—without an application in writing made and sworn to, by any surety to either of them, and without any complaint made by a grand jury, or members of the Court of County Commissioners, that the bonds previously given were insufficient or defective. Upon these grounds it is insisted that this is, therefore, not a statutory official bond of Johnson,—and that it can not have force as a common law obligation, because (as argued), it is not supported by any consideration.

In reference to this last defence, it is sufficient to say that there is no plea upon which it can rest. It is only by a special plea, that a defendant may "impeach or inquire into the consideration of a sealed instrument."—Code of 1876, § 2981 (2632.) There is no such plea, nor is there any plea of *non est factum* filed in this cause. The question comes up only upon exceptions to the introduction of the bond sued on as evidence, and to the refusal to exclude it afterwards. And since it was charged in the complaint that the joint liability of the defendants was based upon their having executed the bond, and it was set forth in the complaint as the foundation of the action, and no plea was filed denying that defendants had made it, or otherwise impeaching its validity,—no reason is shown why it should not have gone to the jury. According to the issue joined, the contention in the court below must have been over the charge that the sheriff had under color of his office, committed the wrongful acts complained of. But no questions upon the sufficiency of the evidence to this point, or upon the correctness of the charges of the court to the jury, are presented by this record.

It can not be admitted that the bond would be invalid, because not executed upon a requisition founded on the petition of a surety, or report of a grand jury, or of commissioners, if that question were presented by the pleadings. There is nothing to prevent a sheriff, or other public officer, and other persons as his sureties, from voluntarily executing a new bond,—or to hinder the officer representing the public, from accepting it,—to secure the faithful performance of official duties. The presumption would, perhaps, be that the principal was induced, in such a case, to procure the new bond to be made, to satisfy sureties upon one previously executed. The evidence shows that such was the prompting motive in the present case. There is no error in the record.

Let the judgment be affirmed.

STONE, J., not sitting.