# Coleman *v.* Pike County.

*Action against Sureties on Official Bond of County Treasurer.*

1. *Demurrer to entire complaint, assigning good and bad breaches.*—In an action on an official bond, several breaches being assigned, some of which are good, a demurrer to the entire complaint is properly overruled.

2. *Proof of execution of bond; when not necessary.*—By statutory provision (Code, § 3036), no proof is required of the execution of the bond (or other written instrument) on which the action is founded, unless its execution is denied by sworn plea.

3. *Receipt; admissibility as evidence against sureties, and parol evidence explaining.*—A receipt given by the county treasurer to the tax-collector, in the form of an *I. O. U.*, is admissible as evidence against the sureties of the treasurer, since deceased; and it may be explained by parol evidence showing that it was given for county taxes received for or from the collector, to be accounted for on settlement at the end of the month; the rule which excludes parol evidence to vary, explain, or contradict a writing, being confined to the parties to the instrument, and not concluding them from showing that payment was to be made in a particular mode by agreement.

4. *Estoppel against treasurer and sureties by receipt of money.*—When a county treasurer receives money from the tax-collector, as county taxes, he and the sureties are equally estopped from denying that the moneys belonged to the county, without regard to the form of the receipt given by him to the collector.

5. *Acts and entries of agent, as evidence against principal and sureties.* The probate judge being authorized by the county treasurer to discharge official duties for him as agent, and making a settlement as such agent with the tax-collector, his acts and entries made in connection with that settlement are admissible as evidence against the sureties, as they would be against the treasurer if living; otherwise, as to a second settlement, made after the death of the treasurer.

6. *Proof of transactions with deceased principal.*—In an action against the sureties on the official bond of a deceased county treasurer, seeking to charge them with this default, the tax-collector and the probate judge, the latter of whom acted as agent for the treasurer in receiving and paying out moneys, may each testify in reference to their transactions with him.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought in the name of Pike County, against W. S. Coleman and others, as sureties on the official

[Coleman v. Pike County.

bond of J. F. Tyler, deceased, as county treasurer of said county; and was commenced on the 6th September, 1886. The bond was dated the 18th August, 1884, and conditioned as prescribed by law. The complaint alleged the execution of the bond, and set out its condition; averred that the treasurer entered on the duties of the office, and continued in the discharge thereof until his death, which occurred on the 14th January, 1886; and assigned as breaches of said bond "committed by said Tyler while in the discharge of the duties of said office, to-wit, from about the 5th February, 1885, up to about the time of his death," the following: (1.) "That said Tyler, during said time, received into his possession as county treasurer the sum of $6,816.36, of money belonging to said county, and legally disbursed out of the same the sum of $6,095.77; and that there remained in the office at the time of his death, of the funds so received, the sum of $82.50, and without which there was no other money of the county so remaining at that time." (2.) "The failure of said Tyler to have sufficient money or vouchers remaining over in the office of county treasurer, to balance his accounts as such treasurer at the time of the statement thereof by his personal representative, as required by law." (3.) "The failure of said Tyler to have sufficient moneys or vouchers, at the time of his death, to balance his accounts as such county treasurer, at the time of the statement thereof by his personal representative." (4.) "The failure of said Tyler to have in the office of the county treasurer, at the time of his death, all the moneys received and not legally disbursed by him as such treasurer, from the 5th February, 1885, up to the time of his death." (5.) "The failure of said Tyler to keep all the moneys of the county not disbursed by him, in such place and manner as to be available to his personal representative on the statement of his accounts, in case of his death, as required by law." (6.) "The failure of said Tyler to keep the sum of $638.09, moneys of said county received by him as such treasurer, in such manner and condition to be made available to his personal representative, on the statement of his accounts, in case of his death, as required by law." (7.) "The misapplication by said Tyler, or other illegal use, expenditure or control of a portion of the funds of said county, received by him as county treasurer, to-wit, $638.09." (8.) "The failure of said Tyler, as county treasurer, to keep the moneys aforesaid of the county, and disburse the same as required

by law." The defendants demurred to the complaint, assigning ten specific grounds of demurrer, some going to the entire complaint, and some to particular breaches only. The court overruled the demurrer, and the cause was tried on issue joined; but the record does not show what pleas were filed.

On the trial, as the bill of exceptions states, the plaintiff offered the bond in evidence, and the defendants objected to its admission, "because the execution of the same was not proved;" which objection the court overruled, and the defendants excepted. The plaintiff introduced M. V. Gibson as a witness, who was the tax-collector of the county during the years 1884–87, and who testified to various transactions between himself and the deceased county treasurer. The defendants objected to his testimony as to any transactions with the deceased, and to his testimony explaining the receipts, or *I. O. U.'s*, which he had received from the deceased, and which were produced. W. J. Hilliard, the probate judge, was also introduced as a witness by the plaintiff, and testified to various acts which he had performed, and entries which he had made, while discharging the duties of the county treasurer, at his request, and as his agent. The defendants objected to his competency as a witness, and to his evidence in reference to these matters; and they duly excepted to the overruling of their several objections. The opinion states the material facts relating to these several rulings, and also to other rulings on evidence which are here assigned as error.

The overruling of the demurrer to the complaint, the rulings on evidence to which exceptions were reserved, and other matters, are now assigned as error.

GARDNER & WILEY, and M. N. CARLISLE, for appellants, argued each of the assignments of error, and especially insisted—1st, that the complaint did not show a substantial cause of action, each breach assigned being too general and indefinite, or otherwise fatally defective; 2d, that Gibson and Hilliard ought not to have been allowed to testify as to any transactions with or on the part of the deceased treasurer, since each was interested in shifting a personal liability from himself to the defendants. They cited the following cases: *The State v. Houston,* 78 Ala. 576; *Pettit v. Pettit,* 32 Ala. 289.

[Coleman v. Pike County.

PARKS & SON, *contra*, cited Murphre on Official Bonds, §§ 534, 542, 562, 694; Code, § 3036; *Gaines v. Shelton*, 47 Ala. 413; *Lewis v. Lee County*, 73 Ala. 148; *Dudley v. Chilton County*, 66 Ala. 593.

CLOPTON, J.—1. There are several breaches of the bond sued on assigned in the complaint, some of which are too general, while others, relating to the illegal use or expenditure of the money of the county, and the failure to keep and disburse it according to law, are sufficiently certain and definite. The demurrer goes to the entire complaint, each assignment of a breach being specified as cause of demurrer. Some of the assignments being sufficient, the demurrer was properly overruled.—*Williamson v. Wolf*, 37 Ala. 298.

2. The complaint alleges that the bond, which is set forth therein, and is the foundation of the suit, was executed by the defendants. Under the statute, the bond must be received as evidence without proof of execution, unless the execution is denied by a verified plea.—Code, § 3036; *Johnson v. Caffey*, 59 Ala. 331.

3. The material question arises on the admission in evidence of two papers given by the county treasurer to the tax-collector, and on the ruling of the court in reference to the liability of the sureties on his official bond for the amounts of the same. One of these papers is in the following form: "I. O. U. four hundred and nineteen dollars, November 28, 1885. *J. F. Tyler*, C. T." The other is for sixteen hundred dollars, similar in form, except as to date and amount. It appears from the evidence of the collector, that the treasurer collected some taxes as his agent, which he stated he had used in paying court expenses. The first paper was given for the amount of taxes so collected. The second was given for taxes collected by the collector, which he let the treasurer have to pay some claims against the county. The treasurer received these sums as so much of the county tax, to be accounted for in a settlement with the collector at the end of the month, and the papers were intended as receipts. It is first objected that the papers are the individual obligations of the treasurer, and that parol evidence is inadmissible to show that they were to have a different legal effect. The rule, that parol evidence can not be admitted to vary, explain or contradict a writing, is confined to the parties to the writing, and when it comes in

question collaterally between one of the parties and others, neither party is estopped to contradict or explain it; and as between the parties, it is admissible to show that a particular mode of payment was agreed on.—*Venable v. Thompson*, 11 Ala. 147; *Murchie v. Cook*, 1 Ala. 41.

4. It further appears that Hilliard, the judge of probate, who was requested by the treasurer to attend to his official duties for him, made two settlements with the collector,—one before, and one after the death of the treasurer,—and in one or the other of these settlements, he received these two papers from the collector, as evidencing the payments of so much of the county taxes to the treasurer. The evidence leaves in doubt in which settlement he took the papers. This was an inference to be drawn by the jury. If they were accepted in the settlement before the death of the treasurer, the transaction was within the scope of Hilliard's authority as agent, and was binding on the treasurer. The instructions relating to this matter, requested by the defendant, were to the effect that the sureties were not liable for the amounts represented by the papers under any circumstances; and, in the light of the evidence, were properly refused. Furthermore, if the treasurer received the moneys in his official capacity, as county taxes, he and his sureties are estopped to deny that they are the moneys of the county, for the lawful disbursement of which he is responsible on his official bond, whatever may be the character of the papers given by him to the collector as representing the amounts so received. *Perryman v. Greenville*, 51 Ala. 507.

5. While the books and entries made by the treasurer, or his agent, are *prima facie* evidence against him, entries made by the agent after the termination of his agency by the death of the treasurer, are not binding on him or his sureties, and not admissible in evidence against them. The court erred in admitting in evidence, against the objections of the defendants, the entry shown to have been made by Hilliard after the death of the treasurer. The error was not cured by the instruction, that the defendants could relieve themselves from liability by explaining the entry. The effect was, to make such entry *prima facie* evidence against them, and fix on them the burden of explanation. If the accounts of the treasurer were so mingled in the different entries as to require separation, the entry after the death of the treasurer might have been used for this purpose; but the

jury should have been instructed, that they could use it for this purpose alone, and not to regard it as evidence.

6.   The tax-collector and Hilliard were competent witnesses to testify to transactions with the deceased treasurer. *Garret v. Trabue, Davis & Co.*, 82 Ala. 227.

Reversed and remanded.