THE BOARD OF COUNTY COMMISSIONERS OF LOGAN COUNTY
v. CORA V. HARVEY, *et al.*

(Filed February 18, 1898.)

1. LAW—*Duty by Implication.* A duty can be said to be imposed by implication of law only where it is clearly apparent that the legislature, in enacting the sections from which it is claimed the implication arises, meant to impose the duty. It is not enough that the legislature *may* have meant what it is claimed arises by implication, but in order that a duty may be so imposed it must appear from necessity, where the legislature has used no language directly referring to the obligation in question.

2. REGISTER OF DEEDS—*Duty to Give Bond.* The statutes of this Territory, of 1890, did not, either directly or by implication, require a register of deeds to give bond.

3. BOND EXACTED—*Void.* An official bond which is exacted, in a case where the statute did not require the officer to give a bond, as a cond tion precedent to the officer's being allowed to enter into and discharge the duties of such office, and to collect the emoluments thereof, is void; and this is so, whether the board of county commissioners which exacted said bond is given any supervisory control over such officer or not.

4. DISMISSAL—*No Error.* Where an answer in an action on an official bond contains a general denial, and the plaintiff elects to stand on a demurrer, which is overruled, to two other paragraphs of the answer, which state a good defense, both for the principal and the sureties, and nothing further is offered by the plaintiff, it is not error for the court to dismiss the cause.

(Syllabus by the Court.)

*Error from the District Court of Logan County; before Frank Dale, District Judge.*

*Huston & Huston* and *J. C. Strang, County Attorney,* for plaintiffs in error.

*Asp, Shartel & Cottingham,* for defendants in error.

Opinion of the court by

BIERER, J.: This is the same case that was before this court on motion to dismiss, reported in 5 Okla. 468.

In the amended petition the plaintiff sues the defendant, Cora V. Harvey, *nee* Diehl, as principal, and the other persons named as sureties, upon the official bond given by Cora V. Diehl, as register of deeds of Logan county. It appears from the petition that she was elected as such officer at the special election held on the 3rd day of February, 1891, and the bond was given on the 5th day of March, 1891. It is claimed that she is indebted to the county, under sec. 2879 of the Statutes of 1890, for excess fees collected in the sum of $1,700.67, and this amount is sought to be recovered against her and her sureties on her bond. She and five of the sureties filed a joint answer in three paragraphs, first, a general denial, and second and third, that the bond sued upon was without consideration at the time it was given, in that during the incumbency of the principal defendant in office there was no law requiring a register of deeds in this Territory to give a bond, and that the bond was extorted from her by the board of county commissioners of Logan county, who required the giving of the bond as a condition precedent to her being allowed to occupy the office to which she was elected.

. The county presented a demurrer to the second and third paragraphs of this answer, on the ground that it did not state sufficient facts to constitute a defense to the action. This demurrer was overruled, and the plaintiff elected to stand upon its said demurrer, and judgment was rendered against the plaintiff, dismissing the action, and for costs, and error is assigned upon this action of the court.

It was held in the case of *Duvall v. Diehl,* 1 Okla. 66, that the office of register of deeds exists in this Territory, although there is no provision of the statute that expressly creates such office; that the office is created by clear implication of law. The implication of law whereby the office of register of deeds was created by the Statutes of 1890, was based upon the many sections of the statute which imposed duties upon the register of deeds, and required official acts to be performed by such an officer; and it is claimed by counsel for plaintiff that the law requiring the register of deeds to give bond existed by as clear and plain implication under the Statutes of 1890 as that creating such an office, and that there was either no such officer as the register of deeds, or else such officer was required to give a bond; and that it is not necessary that there shall be a direct statutory requirement for the giving of an official bond, in order to create a liability on such undertaking, but that if such requirement can be gathered by implication, it is sufficient. The questions presented in the case, and which require decision, warrant us in conceding this contention, to the extent that it is sufficient if the bond is required by implication; but the necessities of the case do not require us to determine whether it is necessary that there should be any statutory requirement, either directly or by implication, to make valid a bond voluntarily given for the performance of duties imposed by law upon an officer. Counsel for defendant in error strongly urge that there must be such a requirement, and counsel for plaintiff in error does not oppose this claim, yet, as the case must be affirmed no matter which way we might determine the law on that question to be, we leave it for decision when it becomes

necessary. An examination of the authorities on the question will disclose adjudicated cases both ways. The following cases hold that a bond voluntarily given for the performance of official duty is valid, though no statute requires the bond: *U. S. v. Tingey*, 5 Pet. 115; *Tyler, etc. v. Hand*, 7 How. 573; *Jessup v. U. S.* 106 U. S. 147; *Hoboken v. Harrison*, 30 N. J. L. 73.

The following cases hold such official bond without consideration, and void: *State v. Bartlett*, 30 Miss. 624; *State v. Husey*, 56 Iowa, 404, 9 N. W. 327.

But there seems to be no difference of opinion upon the proposition that if the unrequired bond is extorted, it is void. (*U. S. v. Tingley, supra; U. S. v. Humason*, 26 Fed. Cas. 428.)

The allegations of the answer, which are admitted by the demurrer, are that the board of county commissioners of Logan county refused to permit Cora V. Harvey to take possession of the office of register of deeds, or perform the duties thereof, or to enjoy the emoluments pertaining thereto, unless she should first make and execute to Logan county a bond in the sum of five thousand dollars, with conditions, as in the bond stated, and that they required her to give this bond before she could possess this office; and that although she had demanded the possession of this office, she was not permitted by said board of county commissioners to enter thereinto, or to discharge the duties thereof as required by law, or to enjoy the fruits and profits of the office, until she had given the bond now sued upon. The allegations are amply sufficient, we think, to allege an improper exaction of this bond, if there was no statute which required it to be given, and sufficient to prevent any question

arising as to what would be the liability of the principal and sureties upon this bond if it had been voluntarily given. The actions of the board were sufficient to constitute an extortion or exaction of this bond under the authorities above cited. And whether she was an officer subordinate to the board of county commissioners of the county makes no difference in the application of this principle. The bond is alleged not to have been voluntarily given, but was required by the board before she would be allowed to possess this office; and whether the board had any authority to interfere with her entering into the office or not makes no difference. Under the allegations of the answer they did interfere, and to prevent the operation of this interference, the bond was given. It certainly could be no less exacted or extorted because the board had no authority to act in the matter, than if it had had authority to act, but acted improperly. We cannot assent to the argument that is made that a bond which is required by a board of county commissioners that has no supervision or control over the officer from whom it is required, cannot be viewed as an exacted obligation, but should be considered as one voluntarily given, because the board had no jurisdiction to supervise the action of the officer, or to interfere with his taking possession of the office. A thing required by a body that had no jurisdiction to act in any manner could certainly be no less exacted than if required by a body that had jurisdiction to act but acted in a manner different from that authorized by law. The claim, then, that the bond was voluntarily given, can, in no way, be upheld, and the case must depend on whether the law required the giving of this bond. If it did, of course the

facts stated would not constitute any exaction, for then the officers only did what the law authorized. If the law did not require the giving of the bond, then the facts alleged constituted an exaction of it, and on that ground the answer presented a good defense. The case, then, rests upon the contention that the law did, by implication, require the giving of this bond at the time it was given; and it is asserted that that appears as plainly as does the law by implication that the office of register of deeds was created by the Statutes of 1890, and that there was either no such an office, or, if there was, a bond was also required. Sections 2793 and 3821, of the Statutes of 1890, are presented as the statutory enactments from which this implication is claimed to arise. They are as follows:

"2793. The board of county commissioners shall meet on the second Monday of February, 1891, and canvass the returns and declare the result of the election held under the provisions of this act, and cause certificates of election to issue to the parties elected. The board of county commissioners shall meet again on the third Monday in February, 1891, to approve the bonds of the officers elected at such election. The officers so elected shall enter upon the duties of their respective offices on the fourth Monday of February, 1891."

"3821. Sec. 2. Except where otherwise specially provided, all territorial, district, county, township and road district officers shall qualify and enter upon the duties of their office on the first Monday of January succeeding their election or within ten days thereafter."

Section 2793 is a part of the chapter of the Laws of 1890 providing for a special election to be held on the first Tuesday of February, 1891. It had no relation to any duties of the officers to be elected at such election,

but only had relation to the duties of the officers then in existence in the Territory, and concerning such special election. The section referred to provided the time when the board of county commissioners should meet to approve the bonds of the officers who should be elected at that election; but it did not say what officers should give bonds, nor what character of bonds they would give, and cannot be taken as an expression of an intention of that legislature that each and every county officer to be elected under that act should, in fact, give a bond to the approval of the board of county commissioners; for the legislature then had under consideration the subject of the election of officers, and not the question as to what bond they should give, or which ones should give bond, but only making provision for the presentation of a bond which it was evidently intended should be provided, and, if required at all, by some other section. And as to a part of the officers it was provided in another part of the same statutes, that is, the Laws of 1890, that the board of county commissioners should approve their bonds. This is true in the case of the treasurer, sec. 1743, the sheriff, sec. 1745, and county clerk, sec. 1176. But by sec. 1762 it is made the duty of the county clerk to approve the bond of the county attorney; and the duty of the probate judge, by sec. 1799, to approve the bonds of the board of county commissioners. And as to the treasurer, sheriff, and clerk, not only the conditions but the form of the bond was prescribed; and as to the county attorney and the commissioners, the conditions of their bonds were fixed by the statute.

There is not only nothing in the language of sec. 2793 which indicates that it was intended to do any more

than to provide a time for the board of county commissioners to act on the bonds which that body were required to approve when properly presented, but the other sections show affirmatively that it was only intended for the board to act upon the bonds of a part of such officers, and that in cases where bonds were required the conditions, or both the conditions and the form, were prescribed. The same statute further discloses that although it contains an entire chapter of almost one hundred pages on the powers and duties of the probate judge, and a separate article relating to the duties of county surveyor, it nowhere provides that either of those two officers should give a bond.

The word "qualify" used in sec. 3821 did not mean that the officer was required to both take the oath of office and give bond, as is claimed by counsel. That section fixed the time when he should qualify, but did not state how he should qualify; and that requirement must, of necessity, be gotten from other sections of the statute.

The case of *The State v. Neibling*, 6 O. St. 40, in no way upholds counsel's contention. It is there said "the term 'qualified' * * imports * * that the person elected has complied with the requisitions of the statute, by giving bond and taking the oath of office." The very matter in controversy here is assumed there, that is, that one of the "requisitions of the statute" was that a bond should be given.

Neither of these sections requires directly that the register of deeds should give bond; and a duty cannot be said to be imposed by implication of law, unless it is clearly apparent that the legislature, in enacting the law from which it is claimed the implication arises,

meant to impose the duty. It is not enough that 'the legislature *may* have meant what it is claimed arises by implication; but, in order that a duty may be so imposed, it *must* appear from necessity, and a mere possibility that it may have been intended to require the officer to give bond, is not sufficient to warrant the court in holding that the law required the bond to be given. To say that either of these sections made it the duty of the register of deeds to give bond, would be to add something to the provisions therein contained, something that cannot be gathered from any intention of the legislature which those sections, or any other part of the Statutes of 1890, disclose, and this we have no right to do.

The question as to whether or not the judgment should have been rendered against Cora V. Harvey, upon the statutory liability in failing to account for the excess of fees, as is alleged in the petition, is not now before the court. The answer stated as good a defense for her to the action on the bond as it did for any other of the defendants, and as counsel elected to stand upon his demurrer to these paragraphs of the answer, and to allow the case to be disposed of without anything further being presented, there was manifestly no error committed in dismissing the case as to her, as well as to the other defendants.

The judgment of the court is therefore affirmed.

Dale, C. J., having presided in the court below, not sitting; all the other Justices concurring.