## J. Joseph Wright and Charles S. MacCarty v. Charles S. MacCarty, for the use of Mary E. Springer, et al.

1. GARNISHMENT—*Liability of the Makers of Negotiable Instruments.*—The maker of a negotiable instrument can not be held liable as garnishee under our statute when such instrument is outstanding before its maturity.

2. BANK CHECKS—*When They are Due—Limitations.*—A bank check is not due until payment is demanded and the statute of limitations runs only from that time.

3. SAME—*Effect of Certification.*—Where a check is certified by the bank upon which it is drawn, such certification constitutes a contract between the holder of the check and the bank, and so much of the money of the drawer as is required for its payment, is in law deemed appropriated and set apart for its payment. The drawer of the check has no longer the right to check out such money; his interest in it has terminated; it becomes the money of the holder of the certified check, payable to him on demand and presentation of the check.

4. SAME—*Rights of the Holder When Certified.*—The holder of a check, by taking a certification of it from the bank upon which it is drawn, discharges the drawer, and the check then circulates as the representation of so much money in bank payable on demand to the holder of the check.

Garnishment.—Appeal from the Superior Court of Cook County. Heard in the Branch Appellate Court at the March term, 1900. Reversed and remanded. Opinion filed November 20, 1900.

J. S. HUEY, attorney for J. Joseph Wright, appellant.

E. S. CUMMINGS, attorney for Charles S. MacCarty, appellant.

Wright v. MacCarty.

M. L. RAFTREE, attorney for appellee.

LOWDEN, ESTABROOK & DAVIS, attorneys for National Bank of the Republic, appellee.

MR. JUSTICE HORTON delivered the opinion of the court.

December 17, 1898, the appellee Springer recovered a judgment against the appellant MacCarty for $2,413.54. Execution was issued and returned unsatisfied, and the judgment remains in full force. September 6, 1899, garnishment proceedings against J. S. Huey, Albert W. Barnum and the National Bank of the Republic were commenced, based upon said judgment. The appellant Wright was subsequently brought into the case.

It appears that said Barnum gave his check upon said bank, dated September 6, 1899, the same day that this garnishment proceeding was commenced, payable to the order of said MacCarty, for the sum of $4,188. The same day the check was certified by said bank, but not paid. The check was indorsed by said MacCarty to the order of and delivered to said Wright, and indorsed by said Wright to the order of the Merchants' Loan and Trust Company, and September 8, 1899, said check was presented to the garnishee bank, through the clearing house, for payment, which was refused, because said bank had been served with process in this proceeding.

Thereupon suit was commenced by said Wright against said bank to recover the amount of said check. That check was certified by said bank before process was served upon it, and before it had any notice of this proceeding.

A receiver was appointed in this cause and said check was delivered to such receiver, and said bank delivered to such receiver the amount called for by said check, all by order of the court where such proceeding was pending.

The judgment of the trial court was that said MacCarty, for the use of said Springer, recover from said bank $2,554.06, and have execution therefor, and that said MacCarty, for his own use, recover from said bank $1,619.19. And it was by said court ordered and adjudged that said

cause be dismissed without costs as to said Wright, Huey and Barnum, and that said bank, it having paid to said receiver the sum aforesaid, be discharged of all liability without costs.

To reverse that judgment this appeal is prosecuted by said Wright and MacCarty.

It is contended by counsel for appellants that said garnishment proceeding can not be maintained against said bank garnishee, under the facts appearing in this record.

Section 15, chapter 62, Revised Statutes of Illinois, is as follows, viz. :

" No person shall be liable as garnishee by reason of having drawn, accepted, made or indorsed any negotiable instrument, when the same is not due, in the hands of the defendant at the time of the service of the garnishee summons, or the rendition of the judgment."

The maker of a negotiable instrument can not be held liable as garnishee under said statute when such instrument is outstanding and before maturity thereof. Said check is a negotiable instrument. It had been presented to the bank for certification but not for payment. If it was not due at the time process in this case was served upon the bank, then this proceeding can not be maintained and said judgment must be reversed.

A bank check " is not due until payment is demanded, and the statute of limitations runs only from that time." Merchants' Bank v. State Bank, 10 Wall. 604, 647.

To the same effect are Girard Bank v. Bank of Penn., 39 Pa. St. 92; Story on Prom. Notes, Sec. 491, p. 686.

No demand for the payment of the check in question was made until two days after the service upon the bank of the garnishee process in this case.

If a check is certified by the bank upon which it is drawn, that constitutes a contract between the holder of the check and the bank. (Edwards on Bills, 3d Ed., Sec. 566.) So much of the money of the drawer as is required, is thereby appropriated and set apart to the payment of that check. The drawer has no longer any right to check that money out of the bank. His interest in it has terminated, and it

becomes, and is, the money of the holder of the certified check. The bank becomes the direct debtor to such holder. In legal contemplation and effect the certified check is a certificate of deposit and the bank owes the amount called for by such a check to the legal holder thereof, payable on demand.

The holder, by taking a certification of the check from the bank, instead of requiring payment, discharges the drawer, and the check then circulates as the representative of so much cash in bank, payable on demand to the holder. 2 Daniel on Neg. Insts., 2d Ed., Sec. 1601.

The check in question was not due at the time the bank was served as garnishee. It being an outstanding "negotiable instrument" not then due, garnishment can not be sustained against the bank. The judgment against it must be reversed. It follows that all orders of the trial court based upon the right to maintain the attachment against said bank should be set aside and vacated and the parties affected thereby be put in *statu quo.*

It is unnecessary to here consider the other question presented by the various counsel. They are all collateral to and dependent upon the question of whether this suit can be maintained against the bank as garnishee. As it can not, a decision of such questions is unnecessary to a disposition of the case.

The judgment of the Superior Court is reversed and the cause remanded for further proceedings not inconsistent with the views here expressed. Reversed and remanded.