## AHSMUHS v. BOWYER *et al.*

No. 2833.   Opinion Filed September 23, 1913.

(135 Pac. 413.)

1. **CLERKS OF COURTS**—Action on Official Bond. Under section 5349, Rev. Laws 1910, an action may be brought against a district court clerk and the sureties on his official bond, by the drawer of a certified check, deposited with said clerk in lieu of bail in a criminal case, pending in the court of which he is clerk, and which check was cashed by the clerk and the proceeds embezzled, notwithstanding the bond was executed to the state of Oklahoma as obligee.

2. **SAME.** The statute mentioned provides that for official misconduct forfeiting an official bond any person injured thereby may, in his own name, bring an action thereon.

3. **SAME**—Voluntary Bond—Validity and Effect. A bond, voluntarily given by a district court clerk, prior to the passage of the Act of March 19, 1910 (Sess. Laws 1910, p. 129), naming the state of Oklahoma as obligee, conditioned for the faithful performance of his official acts, and for the accounting and paying over of all moneys by him received as such officer, is a valid and binding obligation, though not required to be given by statute, where supported by a valid consideration.

4. **PLEADING**—Demurrer—Action on Voluntary Bond of District Court Clerk. The due execution of the bond being charged in the petition, the defense that it was given without consideration, not appearing therein, cannot be raised by demurrer.

5. **CLERKS OF COURTS**—Action on Bond—Defense. Where a certified check is given by a defendant, against whom a criminal charge is pending, in lieu of a deposit of the sum of money mentioned in the order admitting to bail, as authorized by section 6108, Rev. Laws 1910, and said check is cashed by the officer and the proceeds embezzled, the fact that the statute does not authorize the acceptance of a certified check as the equivalent of bail is immaterial, in an action brought against the sureties on the officer's bond by the drawer of the check.

6. **SAME.** In such case the question presented is not that of the right of the officer to accept as the equivalent of bail the certified check, but the wrongful act, involving official misconduct, of the officer in embezzling the same.

(Syllabus by Sharp, C.)

*Error from District Court, Major County;*
*John F. Curran, Special Judge.*

Action by Ed. Ahsmuhs against E. J. Bowyer, as principal, and others, as sureties on the official bond of E. J. Bowyer, formerly clerk of the district court of Major county. From a judgment sustaining separate demurrers to plaintiff's petition, he brings error. Reversed and remanded.

*Sturgis & Manatt,* for plaintiff in error.

*John V. Roberts* and *A. Fairchild,* for defendants in error Ogle and Oneale.

· *S. B. Oberlender,* for defendant in error Cousins.

Opinion by SHARP, C.  Plaintiff's petition charges that in the year 1908 the defendant E. J. Bowyer was the duly elected, qualified, and acting clerk of the district court of Major county, Okla., and that the defendants W. F. Cousins, W. H. Ogle, and J. P. Oneale were sureties on his official bond; that said bond was executed on the 3d day of August, 1908, and was filed with the county clerk and approved by the chairman of the board of county commissioners on the 6th day of August thereafter. The bond was made payable to the state of Oklahoma, in the penal sum of $2,000, conditioned that the said E. J. Bowyer, his deputies, and all persons acting for him or under his control in his official capacity, should well and truly perform all the duties of said office as required by law, without fraud, favor, fear, prejudice, or partiality, and account for all moneys or property which should come into his hands as said officer, and render to the legally constituted authorities a just, true, and correct account of the same, as was or should be required by law, and should promptly pay and deliver to proper persons, or officers designated by law, all money which might come into his hands by virtue of said office, and should truly account for all the balances of money or property remaining in his official hands·at the expiration of his term of office. From the petition it appears: That on or about the 25th day of September, 1908, the plaintiff, Ahsmuhs, was arrested on a criminal charge then pending against him before one William Walt, a duly elected, qualified, and acting justice of the peace in said county, and, being arraigned before the said

justice of the peace court on said criminal charge, and, as we understand said petition, upon being held for his appearance before the district court of Major county, executed and delivered, in lieu of bail, a certified check, payable to the said William Walt, justice of the peace, or order, in the sum of $750, and which said check was drawn on the Bank of Ringwood, Okla., and was duly certified by said bank, acting through its cashier. That thereafter said check was indorsed by the payee, William Walt, justice of the peace, and by him delivered to the said E. J. Bowyer, as clerk of the said district court. Thereafter, during the year 1909, the said criminal charge, then pending in the district court against said defendant, was dismissed. Subsequently, as appears from the indorsement on said certified check attached to plaintiff's petition, the same was indorsed by the said E. J. Bowyer, clerk of the district court, and, it is charged, the proceeds thereof by him embezzled, and that the said Bowyer thereafter absconded from the state, without having paid to the drawer of said check, the plaintiff herein, the said sum of $750, or any part thereof. That due demand had been made of the sureties for the payment thereof, which was by them refused. The defendant Cousins demurred to the petition upon four grounds, two only of which we need mention: (1) that the plaintiff had no legal capacity to sue; (2) that the petition did not state facts sufficient to constitute a cause of action. The defendants Ogle and Oneale filed their separate demurrers, charging that the facts stated in plaintiff's petition did not constitute a cause of action in favor of plaintiff and against said defendants. The court sustained the demurrers, and rendered judgment for the defendants for costs.

Considering, first, the demurrer of the defendant Cousins on the ground that the plaintiff had no legal capacity to sue, counsel has not attempted to support his position by the citation of any authorities. Section 5349, Rev. Laws 1910, however, to our minds conclusively gives the right of action to the plaintiff. This section reads:

"When an officer, executor or administrator within this state, by misconduct or neglect of duty, forfeits his bond or renders

his sureties liable, any person injured thereby, or who is, by law, entitled to the benefit of the security, may bring an action thereon in his own name, against the officer, executor or administrator and his sureties, to recover the amount to which he may be entitled by reason of the delinquency. The action may be instituted and proceeded in on a certified copy of the bond, which copy shall be furnished by the person holding the original thereof."

Another provision of the statute, bearing upon the plaintiff's right to sue, is found in section 4683, Rev. Laws 1910, providing that "officers may sue and be sued in such name as is authorized by law, and official bonds may be sued upon in the same way."

Obviously, plaintiff's right of action comes within the clear meaning and intent of the former statute. Upon the criminal charge pending against him being dismissed, he was entitled to the immediate return of the certified check, or, if cashed, to its proceeds. Section 6098, Rev. Laws 1910. This check, or the cash proceeds thereof, was due him, and by a failure to return it, or to pay over the proceeds to him, he was injured by the official misconduct of the officer, and on account of said officer's delinquency, was entitled to recover, in a direct action against his sureties, unless on account of other defenses hereinafter considered. The language of the statute admits of no other construction, and the fact that the obligee in the bond was the state of Oklahoma in no wise inveighs against plaintiff's right to sue in his own name. *Crowell et al. v. Ward*, 16 Kan. 60.

The principal ground, however, upon which defendants in error rest their case is that at the time the bond was given and approved there was no law in this state requiring the district clerk to give bond. Assuming, as counsel for both parties concede, that prior to the time the Act of March 19, 1910 (Sess. Laws 1910, p. 129), became effective there was no law requiring the clerk of the district court to enter into an official undertaking to the state, conditioned for the faithful performance of his official duties, and for the accounting and paying over of all moneys by him received as such officer, what, then, are the rights of the sureties upon the bond sued on? The great weight of

authority, we believe, sustains the position that a bond, given by a public official, though not required by statute, is good at common law, if entered into voluntarily, for a valid consideration, and if it is not repugnant to the letter or policy of the law, and that the sureties on such bond are bound thereby. Brandt on Suretyship, secs. 31, 618; Murfree on Official Bonds, sec. 64; Throop on Public Officers, sec. 188; *People v. Newberry,* 152 Mich. 292, 116 N. W. 419; *Commonwealth v. Wolbert,* 6 Binney (Pa.) 292, 6 Am. Dec. 452; *United States F. & G. Co. v. Rainey,* 120 Tenn. 357, 113 S. W. 397; *Bank of Northern Liberties v. Cresson,* 12 Serg. & R. (Pa.) 306; *Pritchett v. People,* 1 Gilman (Ill.) 525; *Johnson v. Caffey,* 59 Ala. 331; *Montville v. Haughton et al.,* 7 Conn. 543; *Hoboken v. Harrison,* 30 N. J. Law, 73; *State v. Sooy et al.,* 38 N. J. Law, 324; *Missoula County v. Edwards,* 3 Mont. 60; *Dignan v. Shields,* 51 Tex. 322; *State v. Harney,* 57 Miss. 863; *Thompson v. Buckhannon,* 2 J. J. Marsh. (Tenn.) 416; *Cotton's Guardian, etc., v. Wolf,* 14 Bush. (Tenn.) 238; *Tinsley v. Kirby,* 17 S. C. 1; *United States v. Tingey,* 5 Pet. 115, 8 L. Ed. 66; *United States v. Linn,* 15 Pet. 290, 10 L. Ed. 742; *United States v. Bradley,* 10 Pet. 343, 360, 9 L. Ed. 448.

As said in Brandt on Suretyship, sec. 31:

"The general rule is that a bond, whether required by statute or not, is good at common law if entered into voluntarily, for a valid consideration, and if it is not repugnant to the letter or policy of the law; and a surety on such bond is bound thereby. The voluntary bond of a state treasurer, where there is no law requiring a bond to be given, of a deputy clerk of customs where there is no law prescribing a bond to be given, * * * are all valid and bind the sureties who sign them."

Nothing appears in the petition to indicate in any way that the bond in question was not voluntarily entered into by both the principal and the sureties. The giving of such an obligation is not prohibited by the statute, nor is it inconsistent with the policy of the law. The distinction between the voluntary giving of a bond in such cases and where those in authority extort or compel the giving of a bond, without regard to the statutory omission, was recognized by the Territorial Supreme Court, in

*Board of County Com'rs v. Harvey et al.,* 6 Okla. 629, 52 Pac. 402. It was there held that an official bond, which is executed in a case where the statute does not require the officer to give a bond as a condition precedent to the officer being allowed to enter into and discharge the duties of said office and collect the emoluments thereof, is void; and this is so whether the board of county commissioners which exacted said bond is given any supervisory control over said officer or not. The court, however, made mention of the fact that there were many authorities sustaining the position that a bond, voluntarily given for the performance of an official act, was valid, though not required by statute.

That the bond given was without consideration cannot properly be raised by demurrer. If there was illegality in the transaction, that issue should have been tendered by answer, even though there appear discrepancies in the dates shown by the petition and the copy of the bond attached as an exhibit. *Tyler v. Hand et al.,* 7 How. 573, 12 L. Ed. 824.

Section 6108, Rev. Laws 1910, authorizes a deposit of the sum of money mentioned in the order admitting to bail, as the equivalent of bail, and upon such deposit the defendant must be discharged from custody. In *Whiteaker v. State,* 31 Okla. 65, 119 Pac. 1003, it was held that this provision of the statute was not repugnant to section 8 of the Bill of Rights. It is urged, however, by counsel for defendant in error Cousins that the check given by plaintiff in error as a deposit for bail was not in compliance with the requirements of the foregoing statute, and therefore plaintiff could not recover. The check was certified by the bank on which it was drawn. It was indorsed by the payee, and thereupon delivered to the clerk of the district court, the proper custodian thereof. After delivery, the district clerk, defendant Bowyer, in his official capacity indorsed said check and embezzled the proceeds. The check, when certified, answered the purpose of a cash deposit, and was used and treated by the parties as money.

The legal effect attached to the giving and acceptance of a certified check is considered in *Merchants' Bank v. State Bank,*

10 Wall. 604, 19 L. Ed. 1008; *Blake v. Hamilton Dime Sav. Bank Co.*, 79 Ohio St. 189, 87 N. E. 73, 20 L. R. A. (N. S.) 290, 128 Am. St. Rep. 684, 16 Ann. Cas. 210; *Wright et al. v. MacCarty*, 92 Ill. App. 120. In the former opinion, quoted with approval by this court in *Indiahoma Oil Co. v. Thompson Oil & Gas Co. et al.*, 38 Okla. 140, 132 Pac. 481, it is said:

"By the law merchant of this country the certificate of the bank ·that a check is good is equivalent to· acceptance. It implies that the check is drawn upon sufficient funds in the hands of the drawee, that they have been set apart for its satisfaction, and that they shall be so applied whenever the check is presented for payment. It is an undertaking that the check is good then and shall continue good, and this agreement is as binding on the bank as its notes of circulation, a certificate of deposit payable to the order of the depositor, or any other obligation it can assume. The object of certifying a check, as regards both parties, is to enable the holder to use it as money. The transferee takes it with the same readiness and sense of security that he would take the notes of the bank. It is available also to him for all the purposes of money."

Thus it continues to perform its important functions until in the course of business it goes back to the bank for redemption and is extinguished by payment. Generally, it may be said that the certification of a check by the bank on which it is given implies that the drawer has sufficient funds deposited with the bank, and that they have been set apart and will be retained for the holder, whoever he may be, and whenever the check may be presented. *Merchants' Bank v. Baird*, 160 Fed. 642, 90 C. C. A. 338, 17 L. R. A. (N. S.) 526; *Continental Nat. Bank v. Metropolitan Nat. Bank*, 107 Ill. App. 455; *Smith v. Field*, 19 Idaho, 558, 114 Pac. 668, Ann. Cas. 1912C, 354; *Blake v. Hamilton Dime Sav. Bank Co., supra; Merchants' Bank v. State Bank, supra*.

It is unnecessary, however, for us to determine the question of the right of one, against whom a criminal charge is pending, to deposit, in lieu of bail, a certified check, for the question presented for our consideration rests, not upon the right of either the justice of the peace or the district court clerk to accept, as the equivalent of bail, a certified check, but the

act of the latter in embezzling the proceeds of the check. Upon the check being cashed, there was in the hands of the clerk the amount represented thereby, in cash, answering to all intents and purposes as an original cash deposit. The mere fact that the defendant Bowyer did not receive the cash in the first instance, but instead its representative, did not thereby license him to appropriate the proceeds with impunity. Neither he nor his sureties (if the latter are otherwise liable) can escape liability on this account.

For the reasons stated the judgment of the trial court should be reversed, and the cause remanded.

By the Court: It is so ordered.