## NATIONAL SURETY CO. et al. v. BOUNDS.

No. 25283.   Oct. 8, 1935.

Clyde J. Watts, for plaintiff in error.

Suits & Disney, for defendant in error.

RILEY, J. This is an appeal from a judgment against the National Surety Company and E. M. Box, ancillary receiver for said company, in an action brought by defendant in error, George Bounds, against Arthur Holt, G. M. Woodruff, E. L. Lippert, the United States Casualty Company, and J. A. D. Collins.

Holt was appointed constable by E. L. Lippert, a justice of the peace of Oklahoma City, Oklahoma county, under section 4171, O. S. 1931. The United States Casualty Company was the surety on the official bond of Lippert; Woodruff brought an action in replevin against Bounds before Paul Powers, another justice of the peace in said county, who placed the writ in the hands of Holt for execution. When Holt was appointed by Lippert, he executed a bond to Lippert for the faithful performance of his duty as such officer. The National Surety Company was the surety for Holt on said bond. Collins was attorney for Woodruff in the replevin suit.

Bounds alleged that in connection with the service or attempted service, of the writ of replevin, Holt, at the instance of Woodruff and Collins, wrongfully and unlawfully arrested him, Bounds, and kept him in custody for several hours, and under threat of imprisonment forced him to indorse a check which had been made to him, Bounds, in payment of a loan made upon his adjusted compensation certificate.

Demurrer by Lippert and the United States Casualty Company was sustained and the action was dismissed as to them.

A demurrer, and later a special demurrer, by the National Surety Company were overruled, and after issues joined, the cause was tried to the court without a jury, resulting in a judgment in favor of Bounds against Holt, Woodruff, and the National Surety Company, and in favor of defendant J. A. D. Collins.

From said judgment the National Surety Company and E. M. Box, ancillary receiver for said surety company, appeal.

The contention of plaintiff in error is that the court erred in overruling its general and special demurrers. There is no contention that the petition did not state a cause of action against Holt. But it is insisted that in no case could the National Surety Company be liable to Bounds on account of the acts of Holt.

It is first asserted that Holt, in acting as constable under the appointment by Lippert, had no authority whatever to serve or attempt to serve the writ of replevin issued out of the court of Paul M. Powers, another justice. It is further contended that the bond given by Holt to Lippert, upon which this action as to plaintiff in error is based, is a private bond payable to Lippert and for his protection and not for the protection of the public generally, and that plaintiff could in no case maintain an action thereon.

Section 4171, O. S. 1931, under which the appointment of Holt was made, provides:

"A justice of the peace may appoint a constable or constables for special purpose, either in civil or criminal cases, whenever such appointment may become necessary, in the following cases: Where there is no constable in the district; in the case of disability of one of the regular constables in the district; where the constable therein is a party to the suit; when from the pressure of official business, the constables therein are not enabled to perform the duties required by the office. The justice making the appointment shall make a memorandum thereof on his docket and shall require the person appointed to take an oath, as in other cases."

Section 4172, O. S. 1931, provides:

"The person so appointed by the justice, after taking such oath, shall have the same authority, be subject to the same penalties, and entitled to the same fees as other constables."

Section 4173, O. S. 1931, provides:

"Such justice shall stand as surety, and shall be in that character liable, he and his sureties, for any neglect of duty or illegal proceedings on the part of such constables so by him appointed."

The order appointing Holt as constable is not in the record, but the bond which he gave recites that Holt was duly elected or appointed to the office or position of special constable for the term beginning August 14, 1931, and ending May 14, 1932.

Section 4171, supra, authorizes the appointment of a constable by a justice of the peace for special purposes, in civil or criminal cases, and then only when one or more of the conditions set out in said section exist.

The "special purposes" means for the purpose of certain cases wherein, by reason of the existence of some one or more of said conditions, a regular constable cannot be

had to perform the duties required of a constable in such case or cases. This is clearly indicated from the provisions requiring the justice making the appointment to make a memorandum thereof on his docket. This means the docket of the particular case or cases then pending requiring the services of a constable which cannot otherwise be obtained.

When a permanent vacancy occurs in the office of constable, the vacancy may be lawfully filled only by the board of county commissioners. Said section does not authorize the appointment of a constable for general purposes for a given or specified term, with all the powers of a regular constable within the district or county.

The law provides how many constables there shall be in each district and that they shall be elected by the people for a given term.

If a justice of the peace could make an appointment of a constable for a term of nine months, he could appoint for a term of two years, and could appoint as many constables as he might deem necessary, and send them out with power to supplant the regularly elected constables.

There was, therefore, no authority of law for Holt, under the appointment made by Lippert, to act as constable generally and to execute process issued by another justice.

The second contention is well taken. It will be observed that the law makes the justice appointing a constable for a special purpose under section 4171, supra, surety for the constable so appointed (sec. 4173). The justice and the surety on his (the justice's) bond are liable for any neg'ect of duty or any illegal proceeding on the part of a constable so appointed. Morton v. Borgman et al., 21 Kan. 672. Therefore, if, as contended for by defendant in error, Holt, under said appointment, had the power to act as constable generally in said county, he, defendant in error, was fully protected by the official bond of Lippert, to the amount thereof, and it was error to sustain the demurrer of Lippert and the United States Casualty Company. But he does not appeal from said order. Lippert, being liable under the statute for the unlawful acts of Holt, while acting or attempting to act within the scope of his appointment, had the right to take from Holt the bond here involved for his own protection. The bond was made payable to Ernest Lippert, and so far as the record shows was kept by him. It does not appear to have been filed with the county clerk nor approved by the board of county commissioners, as is required by law for regular constables' bonds. Lippert and his surety, and not the surety on the private bond involved, were directly liable to persons aggrieved by the official wrongs of Holt.

Plaintiff Bounds could not recover from the surety on the private bond given to Lippert for the official misconduct of Holt, because the action lay alone against Holt, Lippert, and the surety on Lippert's bond. Ivey v. Osborne et al. (Tenn.) 279 S. W. 384.

Plaintiff cites the case of Ahsmuhs v. Bowyer, 39 Okla. 376, 135 P. 413, and relies upon the rule there announced to support the judgment herein.

It was there held that for conduct forfeiting an official bond, any person injured thereby may, in his own name, bring an action thereon, and that a bond voluntarily given by a clerk of a district court, prior to the enactment of any law requiring such clerk to give a bond, naming the state of Oklahoma as obligee, conditioned for the faithful performance of his official acts, etc., was a valid and binding obligation, though not required to be given by statute, where supported by a valid consideration.

The distinction is that here the bond does not name the state of Oklahoma as obligee, but names a private person. It does not show upon its face that it was given for the protection of the public generally. There was no law in that case providing for other surety, and no other surety was given. Here the law provides for other surety, viz., the justice making the appointment and the surety on his official bond. Thus the law provided a means for the protection of the rights of the public generally and furnished a surety whom the law made liable.

General and special demurrers of defendant National Surety Company should have been sustained.

The judgment as against the National Surety Company and E. M. Box, receiver, is reversed.

McNEILL, C. J., and BUSBY, PHELPS, and CORN, JJ., concur.