## Peter Auten and Edward Auten, Partners as Auten & Auten, v. Tim Crahan.

1. BANKS AND BANKING—*Certificates of Deposit.*—A certificate of deposit, payable to the order of the depositor on return of the certificate properly indorsed, is a negotiable instrument, having like qualities as a promissory note payable on demand.

2. SAME—*Certificate of Deposit—When Due.*—A certificate of deposit payable to the order of the depositor on return of the certificate properly indorsed is not due until demand is made, or until a sufficient time has elapsed to raise a presumption that the paper is past due, in view of the manner in which the business of the bank is ordinarily transacted.

3. GARNISHMENT—*Certificate of Deposit.*—Under the provisions of Chap. 62, R. S., a certificate of deposit payable to the order of the depositor on return of the certificate properly indorsed is protected from the effect of garnishment, even in the hands of the payee at the time of service or of the rendition of the judgment.

Garnishment Proceedings.—Trial in the Circuit Court of Peoria County; the Hon. THOMAS M. SHAW, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendants. Heard in this court at the December term, 1898.   Reversed.   Opinion filed April 11, 1899.

JOSEPH A. WEIL and IRWIN & SLEMMONS, attorneys for appellee, contended that it is the duty of a banking firm, when it is served with garnishment process, to hold the money or property in its hands, subject to the decision of the court.   Morse on Banking, 274, 275, 276.

A certificate of deposit may be considered either as a promissory note or as a written evidence of a deposit, like a bank pass-book or a deposit book.   Telford v. Patton, 144 Ill. 611 (619).

A certificate of deposit is, in effect, a promissory note. Laughlin v. Marshall, 19 Ill. 390; Bank of Peru v. Farnesworth, 18 Ill. 563; Hunt v. Divine, 37 Ill. 137; Arnold v. Bournique, 144 Ill. 132; Telford v. Patton, 144 Ill. 611.

Under the decisions of our courts it has been uniformly held that the issuance and service of garnishee process places the fund sought to be reached *in custodia legis*, and thereafter the court has full control of the fund, and sole authority to determine the final disposition of the same. Drake on Attachment, Sec. 354; Nesbitt v. Dickover, 22 Ill. App. 140; Newman v. Commercial Nat. Bank, 156 Ill. 530.

The statutes of our State provide for the garnishment, not only of money, but of lands, tenements, goods, chattels, choses-in-action, credits and effects, and is very sweeping in its scope, as to the property that can be reached by garnishment process. Garnishment Act, Chap. 62; Starr & Curtis' Rev. Stat. of Ill.

McCULLOCH & McCULLOCH and JACK & TICHENOR, attorneys for appellants.

A certificate of deposit like the one in question is negotiable, and in that respect is like a promissory note. Am. & Eng. Enc. of Law, 2d Ed., Vol. 5, page 805.

Where demand is necessary to perfect a right of action, the statute of limitation runs from the time of demand. Am. & Eng. Enc. of Law, Vol. 13, page 721; High v. Board of Commissioners, 92 Ind. 580; Bank of Louisville v. Gray, 84 Ky. 566; Leather Mf'rs Bank v. Merchants Bank, 128 U. S. 26; Bank of British North America v. Merchants National Bank, 91 N. Y. 106; Ganley v. Troy City National Bank, 98 N. Y. 487.

The statute of limitations runs against a certificate of deposit from the time of demand. Am. & Eng. Enc. of Law, Vol. 13, page 721; McGough v. Jamison, 107 Pa. St. 336; Payne v. Gardiner, 29 N. Y. 146; Morse on Banks and Banking, 3d Ed., Sec. 302 (d); Munger v. Albany National Bank, 85 N. Y. 587; Pardee v. Fish, 60 N. Y. 265; Bellows Falls Bank v. Rutland Co., 40 Vt. 377.

A certificate of deposit is not due until demand. Morse on Banks and Banking (3d Ed.), Sec. 302; Shute v. Pacific National Bank, 136 Mass. 487; McGough v. Jamison, 107 Pa. St. 336; National Bank v. Washington Co. Nat'l Bank, 5 Hun (N. Y.), 607; Munger v. Albany National Bank, 85 N. Y. 587; Boughton v. Flint, 74 N. Y. 476; Howell v. Adams, 68 N. Y. 314; Brown v. McElroy, 52 Ind. 404; Smiley v. Fry, 100 N. Y. 262.

The statute protects negotiable paper from the effect of garnishment, even in the hands of the payee at the time of service or of the rendition of judgment. Starr & Curtis' Ann. Stat., Chap. 62, Par. 15.

MR. JUSTICE CRABTREE delivered the opinion of the court.

The controversy involved in this appeal, originated in an attachment proceeding instituted by appellee against Jeremiah Slattery, September 15, 1897, before a justice of the peace of Peoria county. The writ was returnable September 21, 1897, and appellants were served as garnishees. On the return day Slattery failed to appear, and judgment was entered against him for $159.80 and costs, and at the same time a conditional judgment was rendered against appellants and a *scire facias* in the usual form was issued against them returnable October 1, 1897. On the return day, appellants, as such garnishees, filed their answer; the conditional judgment against them was made final, and appeal taken to the Circuit Court, where the case was again tried upon a stipulation presenting the following facts:

Some time prior to the commencement of the attachment, September 11, 1897, the garnishees, bankers, of Princeville, Illinois, had issued to Slattery a certificate of deposit for the sum of $548.41, payable to his own order on return of the certificate properly indorsed. When the attachment was sued out and until after the service of the *scire facias* Slattery held the certificate, but, shortly afterward, indorsed and delivered it to one Wyman for value. The indorsee promptly presented it to the Exchange Bank of Brimfield, where it was cashed in full. The bank at once forwarded

the paper to the Merchants National Bank of Peoria, and there received full credit for it. The Merchants National in turn forwarded it to the garnishees for payment, and charged it to their account. As shown by the paid stamp thereon, Auten & Auten paid it September 28, 1897, and credited the Merchants National with the full amount of the certificate. During all that time both the Exchange Bank of Brimfield and Auten & Auten of Princeville, kept account at the Merchants National Bank of Peoria, as they had severally done for many years. When Wyman received the certificate he knew that garnishment had been served on Auten & Auten; but neither the Exchange Bank nor the Merchants National Bank had any notice, knowledge or information to the effect that a suit against Slattery had been commenced by Crahan, or that Auten & Auten had been summoned as garnishees, at the times they severally received the paper and cashed it. From the time of its issuance until its presentation for payment September 28, 1897, Auten & Auten had no knowledge as to who held or owned the certificate. During the time covered by these transactions, the Exchange Bank of Brimfield, Auten & Auten and the Merchants National Bank of Peoria were each engaged in a general banking business at the several places named, and had been for many years past. Upon trial in the Circuit Court there was a finding against appellants for $159.80. A motion for new trial was overruled and judgment entered on the finding. Appellants bring the cause here by appeal.

The grounds relied upon for reversal are that by its terms the certificate of deposit was not due until it was returned properly indorsed by Slattery, the depositor. That it was a negotiable instrument and the indorsees had the right to take and pay the full value for it and be protected therein. That appellants were bound to pay the holder when the certificate was returned properly indorsed, and could not be made liable in the garnishee proceedings. We are of the opinion the following propositions must be held as the law applicable to the facts of this case: First, that the certifi·

cate of deposit was a negotiable instrument having like qualities as a promissory note payable on demand; second, that it was not due until demand made, or until a sufficient time had elapsed to raise a presumption the paper was past due, in view of the manner in which the business of the bank was ordinarily transacted; third, that under the provisions of Chap. 62, Par. 15, Starr & Curtis' Ann. Statutes, it was protected from the effect of garnishment, even in the hands of the payee at the time of service or of the rendition of the judgment.

No demand of payment had been made upon appellants, and hence the instrument was not due. In view of the fact the attachment proceeding was commenced only four days after the certificate of deposit was issued, it can not be said the latter was dishonored or past due paper.

The indorsees took it for value, not charged with notice. and could certainly demand payment from appellants, and under such circumstances the latter were justified in paying it, and could not therefore be held liable in the garnishment proceedings.

We think the judgment was erroneous and must be reversed.