### Phillips F. Jarvis, Appellant, v. Joy Machine Company and State Bank of Chicago, Garnishee, Appellees.

#### Gen. No. 30,988.

GARNISHMENT—*liability of acceptor of check payable to judgment debtor where payment not due under terms of acceptance and instrument not in hands of payee.* In view of Cahill's St. ch. 62, ¶ 15, the acceptor of a check, who has undertaken its payment "when properly indorsed," is properly discharged as garnishee in an action against the payee of such check, where it appears that the check never came into the hands of such payee and was never indorsed by it.

Appeal by plaintiff from the Municipal Court of Chicago; the Hon. PHILIP J. FINNEGAN, Judge, presiding. Heard in the first division of this court for the first district at the March term, 1926. Affirmed. Opinion filed October 11, 1926. Rehearing denied October 25, 1926.

HENRY M. HAGAN, for appellant.

GEORGE E. FINK, for State Bank of Chicago, appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

Plaintiff appeals from a judgment discharging certain garnishees in an attachment suit brought against the Joy Machine Company on the ground of nonresidence. He argues only that the court improperly discharged the garnishee, State Bank of Chicago.

March 12, 1925, the plaintiff obtained a check for $8,100 drawn on the State Bank of Chicago by the Binkley Coal Company to the order of the Joy Machine Company. Pursuant to an appointment with plaintiff, Mary L. Halla, an employee of his attorney, went to the office of the coal company on March 13 and there obtained the check from plaintiff, and on the same day took the check to the State Bank of Chicago, where it was certified by the bank as follows:

"Accepted for $8,100 and 00 cts. March 13, 1925. Payable through Chicago Clearing House when properly endorsed.
STATE BANK OF CHICAGO,
S. J. Nelson, Teller."

From the bank Miss Halla went to the office of plaintiff's attorney, who took her to the bailiff's office of the municipal court, where the attachment writ was served upon her. She and the Binkley Coal Company and the State Bank of Chicago were served as garnishees.

Miss Halla filed an answer admitting that she still had the check in her possession. The Binkley Coal Company answered, stating that nothing in its possession belonged to the Joy Machine Company at the

time of service of garnishee summons. The State Bank of Chicago answered, denying that it had anything belonging to the defendant, and by supplemental answer set forth the certification of the check, alleged that the same was a negotiable instrument, was not due in the hands of the defendant, and that said garnishee had been notified that neither the check nor the proceeds thereof were the property of the defendant. Plaintiff obtained leave to contest the answers of the garnishees and upon the trial introduced evidence. The First National Bank of Pittsburg filed an intervening petition alleging that the check and the proceeds thereof were its property and not the property of the Joy Machine Company. After hearing the evidence the court discharged the garnishees but made no finding on the intervening petition.

It is necessary to notice only one point, which is decisive. Section 15 of the Garnishment Act [Cahill's St. ch. 62, ¶ 15] provides that:

"No person shall be liable as a garnishee by reason of having drawn, accepted, made or endorsed any negotiable instrument, when the same is not due, in the hands of the defendant at the time of service of the garnishee summons, or the rendition of the judgment."

The check was payable to the order of the Joy Machine Company and by its acceptance the State Bank of Chicago undertook to pay the same through the Chicago Clearing House "when properly endorsed." It is undisputed that the check never came into the hands of the Joy Machine Company, the payee, and was never indorsed by it. It therefore was not due and was not in the hands of the defendant either at the time of the service of the writ or the rendition of the judgment. It was an outstanding negotiable instrument, not then due, and the garnishment against the State Bank of Chicago could not be sustained.

*Wright v. MacCarty*, 92 Ill. App. 120; *Auten v. Crahan*, 81 Ill. App. 502.

Other meritorious points are presented in support of the judgment, upon which we make no comment. Plaintiff's attorney suggests that the court should have appointed a receiver. We are not aware that the statute gives the municipal court the power to appoint a receiver. In any event, no such motion was made.

In his argument plaintiff's attorney contends that the court refused proper evidence, but no such point is made in his brief. However, the evidence presented and objected to was clearly incompetent.

The judgment is affirmed.

*Affirmed.*

MATCHETT and JOHNSTON, JJ., concur.