## MORRAL GREEN, JR. *versus* WILLIAM HASKELL.

In an action upon a recognizance to prosecute an appeal from a judgment of a justice of the peace, it should appear from the record, that the justice who rendered the judgment from which the appeal was taken, had jurisdiction of the cause ; and also, that the recognizance was entered into before the same justice who rendered the judgment; otherwise the recognizance has no validity. Nothing is to be presumed in favor of the jurisdiction of inferior magistrates, it not being general, but confined and limited by particular statutes.

EXCEPTIONS from the Middle District Court, REDINGTON J. presiding.

Debt upon a recognizance. The defendant pleaded *nul tiel record*, and filed a brief statement, in which one objection was this. That it does not appear from the recognizance, that the justice who took the same had jurisdiction of the cause in which said recognizance was taken.

The brief statement set forth other grounds of defence ; but it is not necessary to state them, or the facts, or arguments of counsel on those points, as they were not considered by the Court.

The recognizance was as follows : —

"Somerset, ss. Memorandum. That on the 11th day of March, 1837, personally appeared before me, Goff Moore, jr. Esq. one of the justices of the peace for said county, David H. Patterson as principal, and William Haskell as surety, and acknowledged themselves to be severally indebted to Morral Green, jr. in the sum of thirty dollars, to be levied upon their goods or chattels, lands or tenements, and in want thereof, upon their bodies to the use of the said Morral Green, jr. if default be made in the performance of the conditions following, to wit. — Whereas the said Morral Green, jr. has this day recovered judgment against the said David H. Patterson, in an action of trespass, as fully set forth in the plaintiff's writ, for cost of suit in said action, and the said Patterson having claimed an appeal from said judgment to the next Court of Common Pleas, to be held at Norridgewock, within and for said County of Somerset, on the second Tuesday of March

next. Now therefore if the said David H. Patterson shall appear at the Court aforesaid, and shall prosecute his said appeal with effect, and shall pay all intervening damages and costs, then this recognizance shall be void, otherwise to remain in full force and virtue."

This recognizance was objected to by the defendant; and he contended, that if admissible, it was wholly defective, and did not show, that the justice had jurisdiction, and so it was void. The presiding Judge ruled, that it was sufficient to enable the plaintiff to maintain his action, and so instructed the jury. The verdict was for the plaintiff, and the defendant excepted.

*Bouielle*, for the defendant, contended, that the recognizance did not give such a description of the action tried by the justice, as to show that he had jurisdiction of it. No presumption is to be made, in such case, in favor of the jurisdiction of the justice. Nor can the Court, whatever the averments in the declaration may be, go out of the recognizance to cure the defects or supply the omission.

*P. M. Foster*, for the plaintiff, contended, that the recognizance so described the action, as to show that the justice had jurisdiction. The recognizance describes the action as trespass, and to remove all doubt, refers to the writ as part of the recognizance. The writ shows most conclusively, that the justice acted within his powers.

The opinion of the Court was drawn up by

TENNEY J.— This is an action of debt upon a recognizance, given to prosecute an appeal with effect, from a judgment rendered by a justice of the peace, in an action of trespass, which is stated in the condition of the recognizance to be more fully set forth in the writ. The Judge, who presided at the trial ruled, that the recognizance was sufficient for the maintenance of the action, and instructed the jury to find a verdict for the plaintiff; a verdict was returned accordingly. Exceptions were taken to the above named ruling and instruction; and also to other rulings which it is unnecessary to consider.

Nothing is to be presumed in favor of the jurisdiction of an inferior magistrate, it not being general, but confined and limited by particular statutes. It should appear from the record that the justice of the peace, who rendered a judgment, from which an appeal is taken, had jurisdiction of the cause; and also that the recognizance was entered into before the justice, who rendered the judgment. Stat. 1821, c. 76, § 10. Otherwise the recognizance has no validity.

In the case at bar, it does not appear, that any record was offered at the trial, excepting the record of a copy of the recognizance. In that the name of the justice of the peace, who took it, and the county for which he was commissioned, are inserted; it also appears in the condition, that the action, in which the judgment was rendered was that of trespass. But it does not appear that the justice, before whom the defendant recognized, rendered the judgment from which the appeal was claimed.

Was the action for trespass upon real estate, or *de bonis aspotatis?* If for the former, the issue presented at the trial should have been stated, that it would be seen whether the justice of the peace had authority to render a judgment therein; if for the latter, the jurisdiction of the justice would depend upon the evidence of one or both of the parties. The record offered was essentially defective. The power of the magistrate to render the judgment, or to take the recognizance, was not sufficiently shown.

<div align="right">

*Exceptions sustained.*