## THE STATE OF MISSISSIPPI *v.* JOSHUA BARTLETT.

1. BOND, VOLUNTARY: NOT BINDING.—A voluntary bond, by the law of this state, is not binding on the obligors.
2. SAME.—A demurrer will be sustained to a declaration on a bond, which appears on its face to be voluntary and without consideration.
3. BOND: BY PUBLIC OFFICER, WHEN NOT REQUIRED BY LAW, NOT BINDING.—If a public officer, execute an official bond not required of him by law, it is voluntary, and not binding on him. This is different from a case where the law requires a bond from the officer, as a condition precedent to the enjoyment of his office; and where, in giving it, he fails to comply with the law, in that case the bond will be valid as a common law obligation, although not made to conform in its provisions, to the strict letter of the statute.

IN error from the Circuit Court of Neshoba county. Hon. John Watts, judge.

No counsel appeared for plaintiff in error.

*Isaac Enlore*, for defendant in error, contended, that the act of 1846, requiring the county treasurer to give bond, for the safe-keeping of common school fund, was repealed by the act of 1848, so far as the county of Neshoba was concerned: that the bond in this case was not therefore required by law, and was a voluntary bond, and not binding, and cited Hutch. Code, 230, 243, 396, 460; Acts of 1850; Acts of 1852, p. 146, 147.

FISHER, J., delivered the opinion of the court.

This was an action brought in the Circuit Court of Neshoba county, in the name of the state, for the use of the common school fund of that county, against the defendant in error, as adminis-trator of the estate of William Perry, deceased, late county trea-surer of said county, upon a certain bond executed by the said treasurer, with condition that he should faithfully and honestly render a just and true account to the board of police of said county, when thereto required by them, of the condition of the common school fund of said county; that he should pay over said funds to the order of said board, and should in all respects faithfully and impartially perform his duties as such treasurer of said fund. The complaint, after setting out the condition of the bond, avers that the said treasurer received during his term of office, the sum of one thousand dollars, on account of said fund, which he failed to account for, or to pay over to any person autho-rized by law to receive the same.

The defendant below demurring to the complaint, assigned, among other causes, that said bond was not required by law to be executed.

The act to establish a system of common schools, and for other purposes, approved the 4th of March, 1846, makes the county trea-surer *ex officio* treasurer of the common school fund of his county, and requires him to enter into bond, to the president of the board of police of his county, with substantially such conditions as that con-tained in the bond in this case. Laws of 1846, p. 100, § 8.

But by the first section of the act of 1848, the act of 1846, as to the county of Neshoba and certain other counties, is uncondi-tionally repealed. Acts of 1848, p. 201.

While we are of opinion, that under the provisions of the fifth and sixth sections of the act of 1848, the county treasurer is still treasurer of the common school fund of his county, yet so much of the act of 1846 as required him to execute a separate bond to account for said fund, must be treated as repealed, and that the bond now in question cannot, therefore, be said to have been taken in virtue of any statute requiring the same to be executed.

If valid, therefore, we must look to some rule of the common law to sustain it. It may be admitted, that according to the rules of the common law, a voluntary bond was binding upon the party executing it, because his seal imported a consideration. But such is not the law of this state, as modified by our statute; the consideration of a specialty may be impeached or inquired into, in the same manner as that of a simple contract; and where the bond shows upon its face, that it was not an act required to be performed by the treasurer, before he could enter upon the discharge of his duties, and be legally entitled to receive the emoluments of the office, it cannot be said to rest upon any consideration whatever. The party must be presumed to have executed the bond required of him by the statute, before entering upon the discharge of the duties of his office. Having executed such bond, conditioned to perform all the various duties required of him by law, his right to the office was complete, without entering into any further or other obligation.

It has however, been said, that though the bond is not valid as a statutory bond, it is nevertheless valid as a common law instrument. Upon this point we deem it only necessary to remark, that if there was any statutory provision, requiring such bond to be given as a condition precedent to entering upon the discharge of the duties of the office; and in the execution of the bond, there had been some departure from the statute, or failure to comply with its provisions, the bond might be sustained as a valid common law obligation, because the giving of it was a condition precedent to taking possession of the office; and the party having entered upon the office, attempted to perform its duties and received its emoluments, could not be heard to say, that he had violated the law in so doing. But the rule is very different where no such bond

is required. The only question, then is, whether it is valid, as the voluntary act of the parties executing it.

We have seen that the common law, as modified by our statute, will not sustain a bond, any more than a simple contract, without a sufficient consideration to support it. Such being our view of the law, we are of opinion that there is no error in the judgment of the court below sustaining the demurrer.

Judgment affirmed.