## THE STATE v. HEISEY ET AL.

1. **Official Bond:** WHEN NOT REQUIRED: WARDEN OF ADDITIONAL PENITENTIARY. The warden of the additional penitentiary at Anamosa, whose duties are defined by the statute to be the same as those prescribed for the warden of the penitentiary at Fort Madison, so far as applicable, is not required thereby to execute a bond, that given by the warden at Fort Madison being required before he enters upon his office and not as an official duty.

2. ——: ——: EFFECT OF. Where a public officer executes an official bond which is not required by the statute such bond is void for want of consideration.

*Appeal from Jones District Court.*

FRIDAY, JUNE 17.

ACTION on a bond executed by the defendant Heisey as principal and the other defendants as his sureties conditioned that said Heisey would faithfully perform in accordance with law the duties of warden of the additional penitentiary at Anamosa, to which office he had been duly elected. A breach of the conditions of the bond was alleged in the petition. In an amended answer the defendants pleaded that Heisey was

not required by law to give a bond, and the one sued on was therefore void. The District Court so held and judgment was rendered for the defendants. The State appeals.

*Smith McPherson, Attorney General,* for the State.

*Remley & Ercanbrack,* and *M. Remley,* for appellees.

SEEVERS, J.—The additional penitentiary at Anamosa was established by an act of the General Assembly passed in 1872. Three commissioners were appointed to carry out the provisions of the act. They were authorized to elect a warden whose duties and powers were declared to be the "same as prescribed by law for the penitentiary at Fort Madison so far as practicable." Chapter 43, Acts of the Fourteenth General Assembly.

1. OFFICIAL bond: when not required: warden of additional penitentiary.

The Attorney General does not claim there is any statutory provision which in express terms required the defendant Heisey to give the bond in question. But he insists as the duties were the same as the warden of the penitentiary at Fort Madison such bond was required because it was the duty of the warden at Fort Madison to give a bond.

Section 4747 of the Code provides in relation to the warden at Fort Madison that: "Before entering upon the discharge of his duty he shall execute a bond." In no just sense can it be said an act which is required to be done in order to qualify a person to discharge the duties of an office is an official duty pertaining to the office. The person elected warden at Fort Madison did not become such until he had given the bond required by law. When this was done he became warden, and it was only the official duties of warden Heisey was by the statute required to perform. The bond in question, not having been required by statute, cannot be enforced as a statutory bond.

II. The Attorney General further insists the bond is a

valid obligation at common law, and in support of this posi-
tion he relies on *Sheppard & Morgan v. Collins*,
12 Iowa, 570; *Garretson v. Reeder*, 23 Id., 21;
and *The Postmaster General v. Early*, 12 Wheaton, 136.
The two former actions were brought on delivery bonds exe-
cuted to the sheriff for the return or delivery to him of prop-
erty he under process had attached. Such bonds were ex-
pressly authorized by statute and those in question were
merely defective in that the conditions required by statute
were not contained in them. In this respect the cases are
distinguishable from the one at bar in two important partic-
ulars. 1st. As has been said the bonds were authorized by
statute and were defective only; and 2d. There was a suffi-
cient consideration because by reason of their execution the
sheriff delivered to the obligors the attached property. The
question in the last case which can be regarded as an author-
ity in the case before us was " whether under a fair construc-
tion of the acts of Congress the Postmaster General may take
bonds to secure the payment of money due or which may become
due to the general postoffice " and it was held the bond sued
on was authorized by the acts of Congress. In the present
case Heisey received nothing by reason of the execution of
the bond. No benefit or advantage was conferred on him
because of its execution. It must, therefore, be regarded as
having been voluntarily executed, and as there was no con-
sideration therefor, it cannot be enforced. *The State v. Bart
lett*, 30 Miss., 624.

2. ——: ——:
effect of.

AFFIRMED.