[No. 1771.]

### SULLIVAN ET AL. v. THE PEOPLE.

1. OFFICIAL BONDS.

An instrument executed by an officer in the form of an official bond, where no such bond is required of him by law, is not an official bond, is without force or effect and there can be no recovery upon it.

2. OFFICIAL BONDS—DISTRICT COURT CLERKS—DEATH OF SURETY— NEW BOND.

Where one of the sureties on the official bond of a district court clerk died and upon the suggestion of one of the judges of the court he executed a new bond with other sureties and filed it with the secretary of state, but it did not appear that the bond was ever accepted or approved by any judge of the court, and there was no evidence that any such judge knew of its existence, and no order was ever entered of record requiring the clerk to file such new bond as provided in section 3299, Mills' Ann. Stats., such bond was not an official bond and no recovery could be had against the sureties thereon.

3. SAME—PRESUMPTION.

The official bond of a district court clerk does not become insufficient merely because of the removal from the county, death or insolvency of one of the sureties, and where there is no record of any order requiring a new bond or of any inquiry into the sufficiency of the old one after the death of a surety, it will be presumed that the judge of the court complied with his statutory duty, inquired into the sufficiency of the bond and found it sufficient.

*Appeal from the District Court of Arapahoe County.*

Mr. A. B. SEAMAN and Mr. H. S. SILVERSTEIN for appellants.

Messrs. GOUDY & TWITCHELL, for appellees.

THOMSON, J.

Suit upon an alleged official bond. The following is a copy of the instrument:

"Know all men by these presents: That we, the undersigned, as principal, and Dennis Sullivan and Job A. Cooper, Esquires, of the County of Arapahoe and State of Colorado, are held and firmly bound unto the State of Colorado in the penal sum of five thousand dollars ($5,000), lawful money of the United States, for the payment of which well and truly to be made we bind ourselves, our heirs, executors or administrators, jointly, severally and firmly by these presents.

"Sealed with our seals and dated this 4th day of November, A. D. 1893. The condition of the above obligation is such, that whereas the above bounden Matt Adams was appointed to the office of Clerk of the District Court of the Second Judicial District of the State of Colorado on the 8th day of September, A. D. 1891. Now, the condition of this obligation is such that if the said Matt Adams shall well and faithfully perform and execute the duties of the office of Clerk of the District Court of said Judicial District during his continuance in office by virtue of said appointment, without fraud, deceit or oppression, and shall pay over all moneys that may come into his hands as said Clerk of said District Court, and shall deliver to his successor all books, moneys and papers, and other things pertaining to his office which may be so required by law, then the above obligation shall be void; otherwise to be and remain in full force and effect.

"Matt Adams.        [Seal.]
"Dennis Sullivan.        [Seal.]
"Job A. Cooper."        [Seal.]

The breach assigned is the failure of the principal obligor, Matt Adams, to pay into the treasury, as required by law, certain moneys which came into his hands as clerk of the district court. Judgment went against the defendants, and they appeal to this court.

It appears from the record that Matt Adams was appointed to the office of clerk of the district court on the 8th day of September, 1891, and that he then executed the requisite bond for the performance of the duties of his office, with G.

G. Symes and V. D. Markham, as sureties. It further appears that Symes died on the 3d day of November, 1893, and that immediately upon his death, George W. Allen, one of the judges of the district court, had a conversation with Mr. Adams, in which the two agreed that, in the language of Judge Allen, "it was perhaps proper that he should execute a new bond." No order was ever entered of record requiring Adams to file a new bond, but he executed the instrument in suit, indorsed his oath of office upon it, and filed it with the secretary of state. It does not appear to have ever been accepted or approved by any judge of the court, and there is no evidence that its existence was known to any such judge. Upon the filing of his original bond, in 1891, Adams entered upon the duties of his office, and remained continuously the clerk of the district court until the 10th day of January, 1895.

The following provisions relating to clerks of the district court, and pertinent to the question to be considered, are found in Mills' Annotated Statutes:

"3295. That the clerks of the district courts of this state be, and they are hereby required, to execute a bond to the people of the state of Colorado in the penal sum of five thousand dollars each, with sufficient security, to be approved by the judges of their respective districts, conditioned for the faithful performance of their duties as clerk of said court, and that they will punctually pay over to the person legally authorized to receive the same, all moneys that may come into their hands by virtue of the said office."

"3297. Every such bond shall, before such clerk shall enter upon the duties of his office, be filed in the office of the secretary of the state, and copies thereof certified by the secretary under the seal of the state shall be received as evidence, without proof of the execution of the original, in all courts of this state."

"3299. It shall be the duty of the presiding judge of the district court of each district or county in this state, in open court, on the first day of each term of said court, to examine and inquire into the sufficiency of the official bonds of the

clerk of said court, and if it shall appear that any one or more of the sureties on any such official bond has or have removed from the county or district, died or become insolvent, or are of doubtful solvency, an order shall be entered of record requiring such clerk within such time as may be fixed by the court, not less than five nor more than ten days from the entry of such order, to file a new bond, with sureties to be approved as is now required by law, unless the number and pecuniary ability of other sureties on the bond shall be such as to satisfy the said judges that the said bond is sufficient, notwithstanding one or more of the sureties may have removed, died, become insolvent or of doubtful solvency, in which case the bond in question may, in the discretion of said judge, be held to be sufficient. Every clerk of the district court shall procure and cause to be filed in the office of the clerk of the county for which he shall have been appointed such clerk of court, a duly certified copy of such official bond."

An instrument executed by an officer in the form of an official bond, where no such bond is required of him by law, is not an official bond; it is without force or effect, and there can be no recovery upon it. *Mississippi v. Bartlett*, 30 Miss. 624; *State v. Heisey*, 56 Iowa, 404. The case of an official bond executed without authority of law, and that of a bond executed because required by some statute, but failing to comply with the terms of the statute, must not be confounded. In the former case the instrument is void, while in the latter it may be enforcible as a common-law obligation. The sole question which this record presents, is whether the bond in suit was executed in obedience to any statutory requirement. In 1891, when Adams was appointed to his clerkship, he executed the bond required by section 3295, and so qualified himself for his office. Having taken possession of the office, he held it continuously until 1895. It was while he was in full possession of the office that the instrument in litigation was executed. It was not given to enable him to take possession of the office; he was already in its possession by virtue of a bond previously executed. The sole authority of law for the

execution by a clerk of the district court of an official bond while he is in possession of his office by virtue of a bond pre-viously given in conformity with the requirements of section 3295, is found in section 3299, and that authority is conditional. It is only in case of an order entered of record upon an inquiry made by the presiding judge into the sufficiency of the bond of the clerk, requiring him, within a fixed time, to file a new bond, that such bond can be executed by legal authority. The original bond does not become insufficient merely because some surety has left the county, or died, or become insolvent; it may be held to be sufficient nevertheless ; and if so, of course, no order for a new bond is made. A new bond given after it is judicially determined that no new bond is necessary, would be without consideration, and of no validity. In this case one of the sureties on the original bond had died, but the bond may still have been amply sufficient, and section 3299 authorized the judge to so find. That section requires no record entry in connection with the examination of the sufficiency of the bond, unless the instrument is found insufficient, and then it is only, an order upon the clerk to file a new bond that is entered of record.

Now no record entry requiring Adams to file a new bond was ever made. There is a legal presumption that officers of the law do their duty. We are, therefore, bound to presume that the sufficiency of the original bond of Adams, after the death of Symes, was inquired into as the statute provides, and that there was no order on him to file a new bond, because the old one was found to be sufficient. We search the record in vain to find any legal reason for the execution of the bond in suit. No statutory provision existed requiring it, and there was no place open for it. There being no cause, authority or excuse, for its existence, it was void.

If this bond had been necessary to the retention by Adams of his position as clerk, or had been a defective compliance with some law requiring a bond at that time, the sureties might be estopped to deny their liability, but it was not a

compliance, defective or otherwise, with any law; it was not necessary to the retention by Adams of his office; its execution effected no change in the position of Adams or any one else; and it accomplished nothing of good or evil to any person. It resulted in no condition out of which an estoppel could arise.

Let the judgment be reversed.

*Reversed.*