W. H. Hoeg, Appellant, v. L. A. Pine, Ben Green and J. G. Ennis, Appellees.

Special constables: OFFICIAL BOND: DAMAGES: LIABILITY OF BOND. An official bond exacted of a special constable appointed by a justice of the peace to execute a search warrant is unauthorized, without consideration, and is of no validity either as a statutory or common law obligation; and it can not be made the basis of an action for damages committed by the constable while in the discharge of his duty.

*Appeal from Tama District Court.*—Hon. J. M. Parker, Judge.

Thursday, July 1, 1909.

Action at law upon a bond given by defendant Pine,

upon which his codefendants were sureties, to recover damages for injuries received by plaintiff from a gunshot wound at the hands of defendant Pine. To certain parts of an answer filed by defendants, plaintiff demurred. His demurrer was overruled, and he appeals.—*Affirmed.*

*Willett & Willett,* for appellant.

*Struble & Stiger,* for appellees.

DEEMER, J.—It seems that defendant Pine was appointed a special constable by a justice of the peace to serve a search warrant for the seizure of certain intoxicating liquors believed to be in the possession of Lewis Weise and Carl Allison. As such special constable, he was required to and did give bond with his codefendants as sureties in the sum of $1,000, conditioned as follows:

Now if the said L. A. Pine shall render a true account of his office and the doings therein to the proper authority when required thereby, or by law, and shall promptly pay over to the officer or person entitled thereto all money which may come into his hands by virtue of his office, and shall exercise all reasonable diligence and care in the preservation and lawful disposal of all money, books, papers, securities, or other property appertaining to his office and deliver them to his successor or to any other person authorized to receive the same, and shall faithfully and impartially, without fear, favor, fraud, or oppression discharge all duties now or hereinafter required of his office by law, then this obligation to be void; otherwise to be and remain in full force and virtue.

It is charged in the petition:

That on the said 24th day of September, 1906, the said defendant, L. A. Pine, at said Berlin, Tama County, Iowa, while in the performance of his duties as said special constable, in the service of said search warrant thereat, did

then and there voluntarily, carelessly, and viciously, engage in a gun fight with one H. B. Platt in the streets of said Berlin, without due regard for the rights and privileges of others thereat, and more particularly without due regard for the rights and privileges of plaintiff, who was then and, there lawfully upon said street upon the opposite side thereof from said Platt and from said defendant L. A. Pine. That in said gun fight the said defendant L. A. Pine did then and there at said Berlin, Tama County, Iowa, unlawfully, maliciously, and without cause, point and aim a certain revolver loaded with powder and ball, at plaintiff, and with the same did oppressively, wrongfully, willfully, wantonly and unlawfully, shoot plaintiff, and did then and there wrongfully, oppressively, willfully, unlawfully, wantonly, and without cause inflict in and upon the person of plaintiff a gunshot wound, as follows, to wit: That by reason of the foregoing the defendant, L. A. Pine, has been grossly and criminally negligent in the premises and has committed a breach of said official bond, in that he has not discharged his duties as special constable faithfully and impartially without fear, favor, fraud or oppression as required of his office by law; and an action hath accrued on said bond in favor of plaintiff herein against the said L. A. Pine defendant and principal on said bond and against the defendants Ben Green and J. G. Ennis, as sureties on said bond, for the damages accrued and to accrue in the future in favor of plaintiff and against the defendants and each of them for his damages in the full amount of the penalty of said bond in the sum of $1,000.

In answer to this petition, defendants pleaded as follows:

These defendants aver and say that, while admitting the execution of said pretended bond sued upon herein, they expressly deny that said bond creates any liability against either of the said defendants for any act of the said defendant L. A. Pine, in and about the attempt to execute the search warrant described in the petition. That

the defendant L. A. Pine, as alleged in said petition, was appointed a special constable to serve the said search warrant referred to in the petition, but that the said A. W. Guernsey had no right, authority, or jurisdiction to require a bond to be executed by the said special constable, L. A. Pine, nor of his codefendants herein and that said act of the said justice of the peace in requiring said bond was wholly unwarranted and without any authority of law, and the said pretended bond did not create any liability whatever on the part of either of these defendants for any act done by the said L. A. Pine as special constable in and about the attempt to serve said search warrant. These defendants aver and say that said bond is void for the reason that there was no authority in law for requiring or accepting said pretended bond, and the act of said justice of the peace, A. W. Guernsey, in requiring and accepting the said pretended bond, was without authority and is void as against the parties thereto. The defendants Ben Green and J. G. Ennis, answering the petition of the plaintiff herein, in their own behalf, aver and say that they were not present at the time and place stated in the petition, when it is alleged that said plaintiff was injured by the alleged wrongful act of the defendant L. A. Pine, and were not parties to the serving or attempting to serve and execute the said search warrant referred to in the petition, nor were they in any way connected therewith, either directly or indirectly, and their only connection with the case is that they became sureties for the said defendant L. A. Pine, as special constable for the service of said search warrant referred to in the petition, and these defendants aver and say that there was no provision of law for the giving or requiring of a bond in proceedings of the character of those set forth in the said petition, in which it is alleged a bond was given which was signed by these defendants as sureties, and the giving of a bond by the said L. A. Pine, as special constable, in the proceedings referred to in the petition, was not required or authorized by law in this state, and at the time of the execution of said bond and the appointment of the defendant L. A. Pine, by A. W. Guernsey, justice of the peace, referred to in the petition, did not authorize said justice to require or accept a bond from the defendant L. A. Pine, nor any of

the defendants herein; and the said pretended bond is and was wholly void and created no liability whatever on the part of these defendants.

The demurrer challenged the sufficiency of the defenses so pleaded and the question for our determination is: Do the matters set forth constitute any defense to plaintiff's cause of action? The case is a novel one, and one which seems devoid of merit. The bond does not, of course, cover a malicious or unlawful assault made by the defendant Pine. Its terms are to be fairly, if not strictly, construed, and we fail to find any provisions which fairly cover such an injury as plaintiff claims he sustained. However, the case is argued upon the theory that defendant was some kind of an officer, and that, if the bond was required or properly exacted from him, he and his sureties are liable for the injuries received by plaintiff. We find no statute authorizing or requiring a special constable to give bond where, as here, he is specially appointed to serve a search warrant. Such an appointee is only to give bond when he is required to serve an attachment, an execution, or an order for the delivery of property. See Code, section 4589. A search warrant does not come within these provisions, and, as a bond could not legally be exacted from Pine and was without authority, no recovery can be had thereon as a statutory bond. Sections 1182 and 1183 of the Code, providing that all civil officers, except certain ones named, shall give bond, have no reference to this case, for the justice had no power to create a peace officer. *Foster v. County of Clinton,* 51 Iowa, 547. His power was limited and simply authorized an appointment for a special purpose and for the performance of a particular duty. An official bond exacted of one without authority is void for want of consideration and has no legal effect. *State v. Heisey,* 56 Iowa, 404.

Appellant contends, just as the state did in the case

above cited, that the bond, although not required by statute, was not void, but is good as a common-law obligation. The court held against this position in the *Heisey* case, and we see no reason now for changing the rule. The bond in suit here is purely an official one, and defendant Pine received no benefit therefrom. It is said that he was entitled to fees for the service of the writ, and that this constituted a sufficient consideration. It is true, no doubt, that he was entitled to such fees; but he was as much entitled to them without the bond as with it, and he received no benefit whatever therefrom. The bond exacted from him was entirely unauthorized, and, where not required, is generally held to have been extorted *"colore officii"* and void. *People v. Cabannes,* 20 Cal. 526; *U. S. v. Tingey,* 5 Pet. 115 (8 L. Ed. 66). The cases cited and relied upon by appellant's counsel are not in point. In each there was either a provision for a bond, and the bond given defective, or the party giving the bond secured some direct pecuniary advantage because thereof. The propositions upon which the case turns are well supported by authority. See *Decker v. Judson,* 16 N. Y. 439; *Counts v. Harlan,* 78 Ala. 551; *Caffrey v. Dudgeon,* 38 Ind. 512 (10 Am. Rep. 126); *Green v. Haskell,* 24 Me. 180. In all cases where parties have been liable upon an unauthorized bond, it appears that the party giving the bond received some direct pecuniary advantage by reason thereof, as the return of property, release from imprisonment, or some other direct advantage which constituted a consideration independent of that arising by reason of an appointment to an office. It is unnecessary to take up the cases to sustain this proposition, as the matter has already been pointed out in the *Heisey case, supra.*

The demurrer was properly overruled, and the judgment is *affirmed.*